IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
National Starch and Chemical Investment :
Holding Corporation, :
Penford Australia Ltd. and :
Penford Holdings Pty, :
:
               Plaintiffs, :
:
          v. : Civil Action No. 04-1443-GMS
:
Cargill Corporation and :
MGP Ingredients, Inc. :
              Defendants. :
:
---------------------------------------------------------------x

## JOINT STATUS REPORT

Plaintiffs, National Starch and Chemical Investment Holding Corporation ("National Starch"), Penford Australia Ltd. ("Penford Australia"), and Penford Holdings Pty. ("Penford Holdings" and collectively, with Penford Australia, referred to herein as "Penford"), and defendants, Cargill Corporation ("Cargill") and MGP Ingredients, Inc. ("MGP"), together respectfully submit this Joint Status Report. This Report is comprised of answers to each of the thirteen questions posed in the Court's Order of April 8, 2005, which scheduled a status and scheduling conference before the Court on April 21, at 11:00 a.m.

    1.    **Jurisdiction and Service.**

This Court has subject matter jurisdiction over the subject matter set forth in the pleadings. Defendant Cargill has admitted personal jurisdiction. Defendant MGP has denied personal jurisdiction. All parties have been served with the complaint and all parties have answered the complaint. Cargill answered the complaint and made certain counterclaims. National Starch and Penford filed a reply to those counterclaims.

    2.    **Substance of the Action.**

This is a patent infringement action, about which Plaintiffs contend the following in their complaint:

    (a)    On November 2, 1999, the United States Patent and Trademark Office ("PTO") duly and legally issued United States Patent No. 5,977,454 ("the '454 patent"), a copy of which is annexed hereto as Exhibit A. The '454 patent is entitled "High Amylose

Starch and Resistant Starch Fractions" and is directed to, inter alia, hybrid maize seeds carrying an amylose extender gene and containing starch having an amylose content of greater than 80% by weight.

(b)     On June 25, 2002, the PTO duly and legally issued United States Patent No. 6,409,840 ("the '840 patent"), a copy of which is annexed hereto as Exhibit B. The '840 patent is entitled "High Amylose Starch and Resistant Starch Fractions" and is directed to, inter alia, maize starch having an apparent amylose content of more than 90.1%. The high amylose contents of the products of the '454 and '840 patents can impart desirable properties (e.g., increased tensile strength in certain films) to items made using those products.

(c)     The '454 and '840 patents are assigned to Penford. Penford has licensed the '454 and '840 patents to National Starch, exclusively in the field of Human Nutrition, with both Penford and National Starch having the right under that license to sue for infringement of the '454 and '840 patents and seek and collect monetary and other relief for that infringement.

(d)     As part of their ongoing business alliance, Cargill and MGP have been and are separately and collectively directly infringing, literally and/or by equivalents, one or more claims in the '454 and '840 patents, by making, using, selling, and offering for sale in the United States certain resistant starch products, including resistant starch products offered for sale under the designation "FiberSymTM HA," that embody the patented invention of the '840 patent and are derived from high amylose corn seed and plants, which were developed and grown by or for Cargill and embody the patented invention of the '454 patent.

(e)     In active concert with Cargill as part of its business alliance, MGP has been and is inducing Cargill to directly infringe one or more claims in the '454 and '840 patents, literally and/or by equivalents, by inducing Cargill to process corn seed and plants embodying the invention of the '454 patent into resistant starch products that embody the invention of the '840 patent, which are then offered for sale and sold in the United States by Cargill and MGP.

(f)     Both Cargill and MGP have for years had actual knowledge of the '454 and '840 patents and the inventions claimed therein, but knowingly and willfully developed and brought to market their infringing starch products derived from their infringing corn and seed. Accordingly, the above infringement of the '454 and '840 patents by Cargill and MGP has been and continues to be willful.

Each of the Defendants denies in its answer to the complaint in this case that they infringe either the '454 patent or the '840 patent, either directly, contributorily or by inducement. Each of the Defendants contends in its answer that the claims of the '454 patent and the '840 patent are invalid.

3.  **Identification of Issues.**

The factual and legal issues genuinely in dispute involve the infringement and validity of the '454 patent and the '840 patent, whether Plaintiffs are entitled to monetary damages if they prove such infringement by Defendants, whether Plaintiffs are entitled to an injunction if they prove such infringement by Defendants, and whether Defendant Cargill is entitled to a declaration that the patents are invalid and/or not infringed.

4.  **Narrowing of Issues.**

Counsel for the parties have conferred on this issue, but do not presently believe there are any issues in the litigation that can be narrowed by agreement of the parties. As discovery progresses, the parties expect it may be revealed that there are such issues that can be resolved by motion, including potentially dispositive or partially dispositive issues.

5.  **Relief.**

Plaintiffs seek relief in the form of either a reasonable royalty or lost profits to compensate them for what they allege is the infringement of the '454 patent and the '840 patent by Defendants, and an injunction against such future infringement. As discovery progresses, Plaintiffs will be able to calculate damages amounts based on a reasonable royalty or lost profits. Defendant Cargill seeks a declaration that the patents are invalid and/or not infringed.

6.  **Amendment of Pleadings.**

None of the parties is contemplating amending the pleadings at this time. The parties agree that any motion to amend the pleadings must be filed by July 31, 2005, but no party is precluded from filing such a motion after that date if good cause is shown.

7.  **Joinder of Parties.**

None of the parties is contemplating adding a third party to this litigation at this time. The parties agree that any motion to join a party to this case must be filed by July 31, 2005, but no party is precluded from filing such a motion after that date if good cause is shown.

8.  **Discovery.**

The Parties have conferred and propose the following schedule to govern discovery in this case.

May 20, 2005        Initial Disclosures under Fed. R. Civ. P. 26(a) due

Feb. 15, 2006       Close of Fact Discovery

March 1, 2006       Affirmative Expert Reports Due

March 20, 2006      Reply Expert Reports Due

April 15, 2006      Expert Discovery Closes

May 1, 2006         Dispositive Motions Due

9.  **Estimated Trial Length.**

The parties expect that the trial of this case will take two weeks. As discovery progresses, the parties expect to ascertain whether there are any issues appropriate for bifurcation at trial and whether there are any stipulations, summaries, statements or other expedited means of presenting evidence at the trial.

10. **Jury Trial.**

This is a jury trial.

11. **Settlement.**

There have not been any formal settlement discussions among the parties. In-house personnel for Plaintiffs and Defendant Cargill have reached out to one another in the hope of discussing settlement, but those discussions have not yet taken place. It is, therefore, premature to assess the prospects of settlement or to refer this case to the Magistrate for mediation or any other ADR mechanism.

12. **Other Matters.**

Plaintiffs have advised Defendants that two of the named inventors on the patents-in-suit are still in plaintiffs' employ in Australia, and that those two inventors will be presented for deposition in the United States.

13. **Statement of Conferral.**

The undersigned counsel hereby confirm that counsel for each of the parties to this case conferred about each of the above items prior to submitting this Joint Report to the Court.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Dated: April 14, 2005

Josy W. Ingersoll (ID #1088)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6672
jingersoll@ycst.com
Attorneys for Plaintiffs
National Starch and Penford

Of Counsel:
Richard L. DeLucia
Paul M. Richter, Jr.
Kenyon & Kenyon
One Broadway
New York, New York 10004-1050
(212) 425-7200

FISH & RICHARDSON, P.C.

/s/ Thomas L. Halkowski
Thomas L. Halkowski (No. 4099)
919 N. Market Street, Suite 1100
Wilmington, Delaware 19801
(302) 652-5070
halkowski@fr.com
Attorneys for Defendants Cargill Inc. and
  MPG Ingredients