## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NATIONAL STARCH AND CHEMICAL )
INVESTMENT HOLDING )
CORPORATION, )
PENFORD AUSTRALIA LTD. and )
PENFORD HOLDINGS PTY, )
                                 )    Civil Action No.  04-1443-GMS

        Plaintiffs, )
                      )
      v.                )
                      )
CARGILL, INC. and )
MGP INGREDIENTS, INC., )
                      )
        Defendants )

## SCHEDULING ORDER

      This _____day of _____ 2005, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(b) on April 21, 2005, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

      IT IS ORDERED that:

      1.  **Rule 26(a) Initial Disclosures**.  Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before May 20, 2005.

      2.  **Joinder of other Parties and Amendment of Pleadings**.  All motions to join other parties and amend the pleadings shall be filed on or before September 30, 2005.

      3.  **Reliance Upon Advice of Counsel**.  Defendant shall inform plaintiff whether it intends to rely upon advice of counsel as a defense to willful infringement no later than January 6, 2006.  If defendant elects to rely on advice of counsel as a defense to willful infringement, defendant shall produce any such opinions on which defendant intends to rely to plaintiff no later than January 13, 2006.

4. ***Markman* Claim Construction Hearing**. A *Markman* claim construction hearing shall be held on November 2, 2005 at 11:00 a.m. The *Markman* hearing is scheduled for a total of 4-5 hours with each side having equal time. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues. On or before September 12, 2005, the parties shall submit a final joint claim chart which shall include citations to intrinsic evidence. The parties shall exchange opening claim construction briefs on September 19, 2005, and the answering claim construction briefs on October 3, 2005.

5. **Discovery**. All discovery in this case shall be initiated so that it will be completed on or before February 15, 2006. Expert discovery in this case shall be initiated so that it will be completed on or before April 10, 2006. Opening expert reports will be due on March 1, 2006; reply expert reports will be due on March 20, 2006.

a. Discovery Disputes. Should counsel find they are unable to resolve a discovery matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, by hand delivery or facsimile at (302) 573-6472, the party seeking relief shall file with the court a letter agenda not to exceed two (2) pages outlining the issues in dispute. Should the court find further briefing necessary upon conclusion of the telephone conference, the court shall order the party seeking relief to file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

6. **Confidential Information and Papers filed under Seal**. Should counsel find it will be necessary to apply to the court for a protective order specifying terms and

conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within 10 days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

7. **Settlement Conference**. Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.

8. **Summary Judgment Motions**. Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than April 3, 2006. Answering letter briefs shall be no longer than five (5) pages and filed with the court no later than April 7, 2006. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before April 11, 2006. The Court shall hold a status conference to hear argument and to determine whether the filing of any motion will be permitted on April 19, 2006 at 9:00 a.m. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

9. **Case Dispositive Motions**. Should the Court permit the filing of summary judgment motions an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before May 3, 2006. Answering briefs shall be served and filed by May 22, 2006; reply briefs shall be served and filed by June 5, 2006. Parties must submit an original and two (2) copies.

10. **Applications by Motions**. Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written motion filed with

the Clerk.  Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. **Oral Argument**.  If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to Local Rule 7.1.4.

12. **Pretrial Conference**.  On October 2, 2006, the Court will hold a Pretrial Conference with counsel beginning at 10:00 a.m.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3).  Thirty (30) days before the joint proposed pretrial order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft.  Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendant proposes to include in the proposed pretrial order.  Motions *in limine:*  No party shall file more than ten (10) motions in limine.  Briefs (**opening, answering and reply**) on all motions *in limine* shall be filed by September 18, 2006.  Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages.  The parties shall file with the court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before September 4, 2006.

13. **Trial**.  This matter is scheduled for a 7 day jury trial beginning at _____ a.m. on October 30, 2006.

WP3:1106949.1                                                             63631.1001

14. **Scheduling**.  The parties shall direct any requests or questions regarding the scheduling and management of this matter to Chambers at (302) 573-6470.


_____

UNITED STATES DISTRICT JUDGE