IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATIONAL STARCH AND CHEMICAL INVESTMENT HOLDING CORPORATION, PENFORD AUSTRALIA LTD., and PENFORD HOLDINGS PTY,<br><br>       Plaintiffs,<br><br> v.<br><br>CARGILL, INC. and MGP INGREDIENTS, INC.,<br><br>       Defendants. | C.A. No. 04-1443-GMS |

**Joint Preliminary Claim Construction Chart**

    Pursuant to the Court's Pretrial Scheduling Order in this matter and the Parties' September 12, 2005 joint stipulation and proposed order (D.I. 34), the Parties hereby submit the following claim chart to present their respective, proposed constructions of disputed claim terms in the two patents in suit, i.e. U.S. Patent Nos. 6,409,840 ("the '840 patent") and 5,977,454 ("the '454 patent").

**U.S. Patent No. 6,409,840 B1**

| Claims | Claim Limitation | Plaintiffs' Proposed Construction | Defendants' Proposed Construction | Illustrative Support for Proposed Constructions |
|---|---|---|---|---|
| 1-5 | apparent amylose content | apparent amylose content as determined in the patent | amylose content measured by colorimetric iodine analysis | For Plaintiffs: "For the purposes of the description of the invention, the method by which amylose was determined is set out below." Col. 3, lns. 4-5; *and see, e.g.*, cols. 3 & 4.<br><br>For Defendants: "Interpreting the claims in light of the specification, the instant claims must be read as '…maize starch having an amylose content of more than 80%, *as measured by colorimetric iodine analysis*….'" Office Action from `840 patent prosecution dated July 13, 1998 at pp. 2-3. *See also* corresponding Office Action response of September 22, 1998. |

**U.S. Patent No. 5,977,454**

| Claims | Claim Limitation | Plaintiffs' Proposed Construction | Defendants' Proposed Construction | Illustrative Support for Proposed Constructions |
|---|---|---|---|---|
| 1-7 and 10-13 | amylose content | amylose content as determined in the patent | amylose content measured by colorimetric iodine analysis | For Plaintiffs: "For the purposes of the description of the invention, the method by which amylose was determined is set out below." Col. 3, lns. 6-7; *and see, e.g.*, cols. 3 & 4.<br><br>For Defendants: "Interpreting the claims in light of the specification, the instant claims must be read as '…maize starch having an amylose content of more than 80%, *as measured by colorimetric iodine analysis*….'" Office Action from `840 patent prosecution dated July 13, 1998 at pp. 2-3. "The terms 'amylose content' as recited in the patent and 'apparent amylose content' as recited in the instant application are defined alike." Office Action from `840 patent prosecution dated October 8, 2001. *See also* corresponding Office Action responses of September 22, 1998 and February 8, 2002. |

Dated: September 14, 2005   YOUNG CONAWAY STARGATT & TAYLOR, LLP

By: /s/ *Josy W. Ingersoll*
    Josy W. Ingersoll (#1088)
    The Brandywine Building, 17th Floor
    1000 West Street
    P.O. Box 391
    Wilmington, DE  19899-0391
    Telephone:  (302) 571-6672

*Attorneys for Plaintiffs*
*National Starch and Chemical Investment Holding*
*Corporation, Penford Australia Ltd.,*
*and Penford Holdings Pty.*


FISH & RICHARDSON P.C.


By: /s/ *Thomas L. Halkowski*
    Thomas L. Halkowski (#4099)
    919 N. Market Street, Suite 1100
    P.O. Box 1114
    Wilmington, DE 19899-1114
    Telephone:  (302) 652-5070
    Facsimile:  (302) 652-0607

*Attorneys for Defendants*
*Cargill, Inc. and MGP Ingredients, Inc.*