Docket No.:  1451-007B                                    PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of                     :

Kenneth J. McNAUGHT et al.               :
                                         :
Rule 60 Divisional of                    :
Serial No. 08/374,645                    :   Group Art Unit:
                                         :
Filed:  November 12, 1997                :   Examiner:
                                         :
For:   HIGH AMYLOSE STARCH AND RESISTANT STARCH FRACTIONS

INFORMATION DISCLOSURE STATEMENT

Honorable Commissioner of
 Patents and Trademarks
Washington, D. C.  20231

Sir:

     In accordance with the provisions of 37 C.F.R. 1.56, 1.97 and

1.98, the attention of the Patent and Trademark Office is hereby

directed to the documents listed on the attached form PTO-1449.  It

is  respectfully  requested  that  the  documents  be  expressly

considered during the prosecution of this application, and that the

documents  be  made  of  record  therein  and  appear  among  the

"References Cited" on any patent to issue therefrom.

     This Information Disclosure Statement is being filed within

three months of the U.S. filing date OR before the mailing date of

a first Office Action on the merits.  No certification or fee is

required.

1

Exhibit A 0060

Rule 60 Divisional of
Serial No. 08/374,645

The references were cited by or submitted to the U.S. Patent and Trademark Office in parent application Serial No. 08/74,645, filed April 27, 1995, which is relied upon for an earlier filing date under 35 USC 120. Thus, copies of these references are not attached. 37 CFR 1.98(d).

Respectfully submitted,

LOWE, PRICE, LEBLANC & BECKER

Michael G. Gilman
Registration No. 19,114

99 Canal Center Plaza, Suite 300
Alexandria, Virginia  22314
(703) 684-1111 MGG:amz
Date:  November 12, 1997
Facsimile: 703-684-1124

2

Exhibit A 0061

SHEET 1 OF 1

| INFORMATION DISCLOSURE CITATION IN AN APPLICATION (PTO-1449) | ATTY. DOCKET NO. 1451-007B | RULE 60 DIVISIONAL OF SERIAL NO. 08/374,645 |
|---|---|---|
| | APPLICANT Kenneth J. McNAUGHT et al. | |
| | FILING DATE November 12, 1997 | GROUP |

### U.S. PATENT DOCUMENTS

| EXAMINER'S INITIALS | PATENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE |
|---|---|---|---|---|---|---|
| DM | 5,300,145 | 4/94 | Fergason et al. | 106 | 213 | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

### FOREIGN PATENT DOCUMENTS

| EXAMINER'S INITIALS | PATENT NO. | DATE | COUNTRY | CLASS | SUBCLASS | Translation Yes | Translation No |
|---|---|---|---|---|---|---|---|
| NM | 45616/89 | 5/31/90 | Australia | | | ✓ | |
| NM | PL 0537 | 12/24/92 | Australia | | | ✓ | |
| NM | 0 118 240 | 9/12/84 | EPC | | | ✓ | |
| | | | | | | | |
| | | | | | | | |

### OTHER ART (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| NM | Szczodrak et al., "Starch and Enzyme-Resistant Starch from High-Amylose Barley", pp. 589-596, (1991.) |
| NM | Cluskey et al., "Fractionation and Characterization of Dent Corn and Amylomaize Starch Granules", Peoria - Starch/Starke 32 (1980) Nr. 4. S. 105-109. |
| NM | Cereal Chemistry - Vol. 52, No. 6, Nov. (Dec. 1975.) |
| NM | Fornal et al., "Chemical Characteristics and Physico-chemical Properties of the Extruded Mistures of Cereal Starches", Starch/Starke 39 1987 Nr. 3, p. 75-76. |
| NM | Pomeranz et al., "Corn Hardness Determination", Cereal Chemistry 61(2):174-150, vol. 61, No. 2, (1984.) |

| EXAMINER DM Brusman | DATE CONSIDERED 4/9/98 |
|---|---|

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; draw line through citation if not in conformance and not considered. Include copy of this form with next communication to Applicant.

3

Exhibit A 0062

Docket No.: <u>1451-007B</u>                                      <u>PATENT</u>

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of                    :
                                        :
Kenneth J. McNAUGHT et al.              :
                                        :
Rule 60 Divisional of                   :
Serial No. 08/374,645                   :    Group Art Unit:
                                        :
Filed:  November 12, 1997               :    Examiner:
                                        :
For:    HIGH AMYLOSE STARCH AND RESISTANT STARCH FRACTIONS

<u>TRANSMITTAL OF FORMAL DRAWINGS</u>

Honorable Commissioner of
 Patents and Trademarks
Washington, D. C.  20231

Sir:

    At the time the above application was filed, informal

drawings were presented with the application.

    The formal drawings are submitted herewith.

                            Respectfully submitted,

                            LOWE, PRICE, LEBLANC & BECKER



                            Michael G. Gilman
                            Registration No. 19,114

99 Canal Center Plaza, Suite 300
Alexandria, Virginia  22314
(703) 684-1111 MGG:amz
Date:  November 12, 1997
Facsimile: 703-684-1124

Exhibit A 0063



**FIG. 1**

Exhibit A 0064



GELOSE VISCOGRAPHS
IN WATER

VISCOGRAPH PROGRAMME
8% dsb in water; 250 cmg; pins; 50 °C auto 92°C
hold 15 mins auto 50°C hold 10 mins

FIG. 2

Exhibit A 0065



FIG. 3

Exhibit A 0066



Total Dietary Fibre Content of High Amylose Maize Starch Fractions
High Amylose 80 (10/91)

FIG. 4

Exhibit A 0067



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:    COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| | | | |

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED:

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)          ☆U.S. GOVERNMENT PRINTING OFFICE 1996-411-515/40275          1- File Copy

Exhibit A 0068

| *Office Action Summary* | Application No. 08/967,826 | Applicant(s) McNaught et al |
|---|---|---|
| | Examiner David M. Brunsman | Group Art Unit 1108 |

☒ Responsive to communication(s) filed on _12 Nov 1997_                                    .

☐ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ·  _three_  month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

Disposition of Claims

 ☒ Claim(s) _9-11, 13-15, 24, and 25_                                    is/are pending in the application.

   Of the above, claim(s) _____ is/are withdrawn from consideration.

 ☐ Claim(s) _____ is/are allowed.

 ☒ Claim(s) _9-11, 13-15, and 25_                                    is/are rejected.

 ☐ Claim(s) _____ is/are objected to.

 ☐ Claims _____ are subject to restriction or election requirement.

Application Papers

 ☒ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

 ☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

 ☐ The proposed drawing correction, filed on _____ is ☐approved ☐disapproved.

 ☐ The specification is objected to by the Examiner.

 ☐ The oath or declaration is objected to by the Examiner.

Priority under 35 U.S.C. § 119

 ☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐All ☐Some* ☐None   of the CERTIFIED copies of the priority documents have been

       ☐ received.

       ☐ received in Application No. (Series Code/Serial Number) _____ .

       ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____

 ☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

Attachment(s)

 ☐ Notice of References Cited, PTO-892

 ☒ Information Disclosure Statement(s), PTO-1449, Paper No(s). ___4___

 ☐ Interview Summary, PTO-413

 ☒ Notice of Draftsperson's Patent Drawing Review, PTO-948

 ☐ Notice of Informal Patent Application, PTO-152

*— SEE OFFICE ACTION ON THE FOLLOWING PAGES —*

Exhibit A 0069

Serial Number: 08967826                                                    Page 2

Art Unit: 1108

A rejection based on double patenting of the "same invention" type finds its support in the language of 35 U.S.C. 101 which states that "whoever invents or discovers any new and useful process ... may obtain a patent therefor ..." (Emphasis added). Thus, the term "same invention," in this context, means an invention drawn to identical subject matter. See *Miller v. Eagle Mfg. Co.*, 151 U.S. 186 (1894); *In re Ockert*, 245 F.2d 467, 114 USPQ 330 (CCPA 1957); and *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970).

A statutory type (35 U.S.C. 101) double patenting rejection can be overcome by canceling or amending the conflicting claims so they are no longer coextensive in scope. The filing of a terminal disclaimer cannot overcome a double patenting rejection based upon 35 U.S.C. 101.

Claims 24, 9, 10, 11, 25, 13, 14 and 15 are rejected under 35 U.S.C. 101 as claiming the same invention as that of claims 1-8, respectively, of prior U.S. Patent No. 5,714,600. This is a double patenting rejection.

The patented claims are identical to those pending in the instant application.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to David M. Brunsman whose telephone number is (703) 308-3454. The examiner can normally be reached on Mondays, Tuesdays, Thursdays and Fridays from 6:30 am to 5:00 pm eastern time.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Mark Bell, can be reached on (703) 308-3823. The fax phone number for this Group is (703) 305-3599.

Serial Number: 08967826                                    Page 3

Art Unit: 1108

Communications via Internet e-mail regarding this application, other than those under

35 U.S.C. 132 or which otherwise require a signature, may be used by the applicant and

should be addressed to [mark.bell@uspto.gov].

All Internet e-mail communications will be made of record in the application file.

PTO employees do not engage in Internet communications where there exists a possibility that

sensitive information could be identified or exchanged unless the record includes a properly

signed express waiver of the confidentiality requirements of 35 U.S.C. 122. This is more

clearly set forth in the Interim Internet Usage Policy published in the Official Gazette of the

Patent and Trademark on February 25, 1997 at 1195 OG 89.

Any inquiry of a general nature or relating to the status of this application or

proceeding should be directed to the Group receptionist whose telephone number is (703) 308-

0661.

*DMBrunsman*                                     David M. Brunsman
April 10, 1998                                   **Primary Examiner**
                                                 **Group 1755**

FORM PTO 948 (REV. 01-97)    U.S. DEPARTMENT OF COMMERCE-Patent and Trademark Office    Application No. _967, 826_

## NOTICE OF DRAFTPERSON'S
## PATENT DRAWING REVIEW

The drawing filed (insert date) _11-18-97_ are:

A. _____ not objected to by the Draftperson under 37 CFR 1.84 or 1.152.

B. _✓_ objected to by the Draftperson under 37 CFR 1.84 or 1.152 as indicated below. The Examiner will require submission of new, corrected drawings when necessary. Corrected drawings must be submitted according to the instructions on the back of this notice.

1. DRAWINGS. 37 CFR 1.84(a): Acceptable categories of drawings:
   Black ink. Color.
   _____ Color drawing are not acceptable until petition is granted.
   Fig(s) _____
   _____ Pencil and non black ink is not permitted. Fig(s) _____

2. PHOTOGRAPHS. 37 CFR 1.84(b)
   _____ Photographs are not acceptable until petition is granted.
   _____ 3 full-tone sets are required. Fig(s) _____
   _____ Photographs not properly mounted (must bristol board or photographic double-weight paper). Fig(s) _____
   _____ Poor quality (half-tone). Fig(s) _____

3. TYPE OF PAPER. 37 CFR 1.84(e)
   _____ Paper not flexible, strong, white and durable.
   Fig(s) _____
   _____ Erasures, alterations, overwritings, interlineations, folds, copy machine marks not acceptable. (too dark) _A 11_
   Fig(s) _____
   _____ Mylar, vellum paper is not acceptable (too thin).
   Fig(s) _____

4. SIZE OF PAPER. 37 CFR 1.84(F): Acceptable sizes:
   _____ 21.0 cm by 29.7 cm (DIN size A4)
   _____ 21.6 cm by 27.9 cm (8 1/2 x 11 inches)
   _____ All drawings sheets not the same size.
   Sheet(s) _____

5. MARGINS. 37 CFR 18.4(g): Acceptable margins:
   Top 2.5 cm Left 2.5 cm Right 1.5 cm Bottom 1.0 cm
   SIZE: A4 Size
   Top 2.5 cm Left 2.5 cm Right 1.5 cm Bottom 1.0 cm
   SIZE: 8 1/2 x 11
   _____ Margins not acceptable. Fig(s) _____
   _____ Top (T) _____ Left (L)
   _____ Right (R) _____ Bottom (B)

6. VIEWS. CFR 1.84(h)
   REMINDER: Specification may require revision to correspond to drawing changes.
   _____ Views connected by projection lines or lead lines.
   Fig(s) _____
   Partial views. 37 CFR 1.84(h)(2)
   _____ Brackets needed to show figure as one entity.
   Fig(s) _____
   _____ Views not labeled separately or properly.
   Fig(s) _____
   _____ Enlarged view not labeled separately or properly.
   Fig(s) _____

7. SECTIONAL VIEWS. 37 CFR 1.84(h)(3)
   _____ Hatching not indicated for sectional portions of an object.
   Fig(s) _____
   _____ Sectional designation should be noted with Arabic or Roman numbers. Fig(s) _____

8. ARRANGEMENT OF VIEWS. 37 CFR 1.84(i)
   _____ Words do not appear on a horizontal, left-to-right fashion when page is either upright or turned, so that the top becomes the right side, except for graphs. Fig(s) _2_ 5
   _____ Views not on the same plane on drawing sheet. Fig(s) _____

9. SCALE. 37 CFR 1.84(L)
   _____ Scale not large enough to show mechanism with crowding when drawing is reduced in size to two-thirds in reproduction.
   Fig(s) _____

10. CHARACTER OF LINES, NUMBERS, & LETTERS. 37 CFR 1.84(l)
    _____ Lines, numbers & letters not uniformly thick and well defined, clean, durable and black (poor line quality).
    Fig(s) _A 11_

11. SHADING. 37 CFR 1.84(m)
    _____ Solid black areas pale. Fig(s) _____
    _____ Solid black shading not permitted. Fig(s) _____
    _____ Shade lines, pale, rough and blurred. Fig(s) _____

12. NUMBERS, LETTERS, & REFERENCE CHARACTERS. 37 CFR 1.48(p)
    _____ Numbers and reference characters not plain and legible.
    Fig(s) _A 11_
    _____ Figure legends are poor. Fig(s) _A 11_
    _____ Numbers and reference characters not oriented in the same direction as the view. 37 CFR 1.84(p)(3) Fig(s) _____
    _____ English alphabet not used. 37 CFR 1.84(p)(3) Fig(s) _____
    _____ Numbers, letters and reference characters must be at least .32 cm (1/8 inch) in height. 37 CFR 1.84(p)(3) Fig(s) _A 11_

13. LEAD LINES. 37 CFR 1.84(q)
    _____ Lead lines cross each other. Fig(s) _____
    _____ Lead lines missing. Fig(s) _____

14. NUMBERING OF SHEETS OF DRAWINGS. 37 CFR 1.48(t)
    _____ Sheets not numbered consecutively, and in Arabic numerals beginning with number 1. Fig(s) _____

15. NUMBERING OF VIEWS. 37 CFR 1.84(u)
    _____ Views not numbered consecutively, and in Arabic numerals, beginning with number 1. Fig(s) _____

16. CORRECTIONS. 37 CFR 1.84(w)
    _____ Corrections not made from PTO-948 dated _____

17. DESIGN DRAWINGS. 37 CFR 1.152
    _____ Surface shading shown not appropriate. Fig(s) _____
    _____ Solid black shading not used for color contrast.
    Fig(s) _____

COMMENTS

_Remove All descriptive information_

REVIEWER _Corley_    DATE _3-10-98_    TELEPHONE NO. _____

ATTACHMENT TO PAPER NO. _6_

PTO COPY

Exhibit A 0072

*#7*
*CMQueen*
PATENT *4/27/98*

Docket No.: <u>50179-026 (1451-007B)</u>

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

*OIPE*

*MAR 3 1 1998*

In re Application of                                    :

Kenneth J. McNAUGHT et al.                 :

Serial No. 08/967,826                              :     Group Art Unit: 1302
                                                                   :
Filed: November 12, 1997                      :     Examiner:
                                                                   :
For:     HIGH AMYLOSE STARCH AND RESISTANT STARCH FRACTIONS

<u>REQUEST FOR INTERFERENCE</u>

Honorable Commissioner of
 Patents and Trademarks
Washington, D. C. 20231

Sir:

        Pursuant to 37 CFR 1.607, Applicants hereby request that an interference be declared

between this application and U.S. Patent No. 5,300,145.

        U.S. Patent No. 5,300,145, issued April 5, 1994, on an application filed by Ferguson et

al as Serial No. 937,794 with a filing date of August 28, 1992.

<u>Proposed Count</u>

        A proposed Count for the interference would read as follows: .

        A substantially pure starch extracted from a plant source having an amylose
extender genotype, the starch comprising at least 75% amylose determined by
butanol fractionation/exclusion chromatography measurement,

        or

1

Serial No. 08/374,645

A maize starch selected from the group consisting of maize starch having an amylose content of more than 80%, physically or chemically modified derivatives of maize starch having an amylose content of more than 80%, destructurized maize starch having an amylose content of more than 80%, and non-destructurized maize starch having an amylose content of more than 80%.

This proposed Count covers the subject matter of claim 6 of U.S. Patent No. 5,300,145 or claim 24 of this application Serial No. 08/967,826. It will be understood that both claims are directed to a starch extracted from a plant such as maize which contains a substantial amount of amylose, and thus cover the same subject matter.

Claims 1-20 of U.S. Patent No. 5,300,145 are considered to correspond to the proposed Count. Claims 9-11, 13-15, 24 and 25 of this application are considered to correspond to the proposed Count.

This application is a division under 37 CFR 1.60 of prior pending allowed application Serial No. 08/374,645, filed April 27, 1995 which latter application is a Section 371 of PCT/AU93/00389, filed July 30, 1993. The PCT application claims priority to Australian Application No. PL3894, filed July 31, 1992 and application Serial No. PL7266, filed February 12, 1993 in Australia. The Australian application PL3894, filed July 31, 1992, antedates the August 28, 1992 filing date of U.S. Patent No. 5,300,145.

The claims in this application are entitled to the filing date of the original PCT application filed July 30, 1993 and the priority applications filed in Australia on July 31, 1992 and February 12, 1993. Main claim 24 is based on original claim 8 and defines the same invention as claimed

2

Serial No. 08/374,645

in original claim 8. The other claims are also entitled to the original PCT filing date and the priority Australian applications, and thus antedate the filing date of U.S. Patent No. 5,300,145.

The Examiner should note that claims 9-11, 13-16, 24 and 25 of this application were previously allowed in Applicants' parent application Serial No. 08/374,645, filed April 27, 1995. Those claims, however are being canceled from the parent application which is issuing to patent with claims directed to a different invention. Since these claims were allowed in Applicants' parent application, it is submitted that all claims in this application are allowable and declaration of the interference is therefore in order.

With respect to 35 USC 135(b), Applicants have been continuously claiming the interfering subject matter since the PCT application was filed July 30, 1993. Since the PCT application designated the United States, the effective filing date of application Serial No. 08/374,645 which entered the National Phase on April 27, 1995 is entitled to the U.S. filing date of July 30, 1993. Accordingly, the subject matter has been continuously claimed since the issuance of U.S. Patent 5,300,145.

With respect to 37 CFR 1.608, since Applicants are entitled to the filing date of the original Australian Application No. PL3894, filed July 31, 1992, for the claims which correspond to the proposed Count, then this application should be accorded the benefit of the parent PCT application and the Australian priority applications. Accordingly, this application should be the senior party in the interference and such action is requested. For the Examiner's convenience, copies of the Australian priority applications are enclosed with this request.

3

Serial No. 08/374,645

It is believed that this request complies with all the requirements of 37 CFR 1.607 and

1.608 and declaration of the interference is now requested.

Respectfully submitted,

LOWE, PRICE, LEBLANC & BECKER

Robert L. Price
Registration No. 22,685

99 Canal Center Plaza, Suite 300
Alexandria, Virginia  22314
(703) 684-1111 RLP:ajb
Date:  March 31, 1998
Facsimile: 703-684-1124

4

COPY    original filed
3|31|98

Docket No.: 50179-026 (1451-007B)                                    PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of                          :
                                              :
Kenneth J. McNAUGHT et al.                    :
                                              :
Serial No. 08/967,826                         :  Group Art Unit: 1302
                                              :
Filed: November 12, 1997                      :  Examiner:
                                              :
For:    HIGH AMYLOSE STARCH AND RESISTANT STARCH FRACTIONS

REQUEST FOR INTERFERENCE

Honorable Commissioner of
  Patents and Trademarks
Washington, D. C.  20231

Sir:

Pursuant to 37 CFR 1.607, Applicants hereby request that an interference be declared

between this application and U.S. Patent No. 5,300,145.

U.S. Patent No. 5,300,145, issued April 5, 1994, on an application filed by Ferguson et

al as Serial No. 937,794 with a filing date of August 28, 1992.

Proposed Count

A proposed Count for the interference would read as follows:

A substantially pure starch extracted from a plant source having an amylose
extender genotype, the starch comprising at least 75% amylose determined by
butanol fractionation/exclusion chromatography measurement,

or

1

Exhibit A 0077

Serial No. 08/374,645

A maize starch selected from the group consisting of maize starch having an amylose content of more than 80%, physically or chemically modified derivatives of maize starch having an amylose content of more than 80%, destructurized maize starch having an amylose content of more than 80%, and non-destructurized maize starch having an amylose content of more than 80%.

This proposed Count covers the subject matter of claim 6 of U.S. Patent No. 5,300,145 or claim 24 of this application Serial No. 08/967,826. It will be understood that both claims are directed to a starch extracted from a plant such as maize which contains a substantial amount of amylose, and thus cover the same subject matter.

Claims 1-20 of U.S. Patent No. 5,300,145 are considered to correspond to the proposed Count. Claims 9-11, 13-15, 24 and 25 of this application are considered to correspond to the proposed Count.

This application is a division under 37 CFR 1.60 of prior pending allowed application Serial No. 08/374,645, filed April 27, 1995 which latter application is a Section 371 of PCT/AU93/00389, filed July 30, 1993. The PCT application claims priority to Australian Application No. PL3894, filed July 31, 1992 and application Serial No. PL7266, filed February 12, 1993 in Australia. The Australian application PL3894, filed July 31, 1992, antedates the August 28, 1992 filing date of U.S. Patent No. 5,300,145.

The claims in this application are entitled to the filing date of the original PCT application filed July 30, 1993 and the priority applications filed in Australia on July 31, 1992 and February 12, 1993. Main claim 24 is based on original claim 8 and defines the same invention as claimed

2

Exhibit A 0078

Serial No. 08/374,645

in original claim 8. The other claims are also entitled to the original PCT filing date and the priority Australian applications, and thus antedate the filing date of U.S. Patent No. 5,300,145.

The Examiner should note that claims 9-11, 13-16, 24 and 25 of this application were previously allowed in Applicants' parent application Serial No. 08/374,645, filed April 27, 1995. Those claims, however are being canceled from the parent application which is issuing to patent with claims directed to a different invention. Since these claims were allowed in Applicants' parent application, it is submitted that all claims in this application are allowable and declaration of the interference is therefore in order.

With respect to 35 USC 135(b), Applicants have been continuously claiming the interfering subject matter since the PCT application was filed July 30, 1993. Since the PCT application designated the United States, the effective filing date of application Serial No. 08/374,645 which entered the National Phase on April 27, 1995 is entitled to the U.S. filing date of July 30, 1993. Accordingly, the subject matter has been continuously claimed since the issuance of U.S. Patent 5,300,145.

With respect to 37 CFR 1.608, since Applicants are entitled to the filing date of the original Australian Application No. PL3894, filed July 31, 1992, for the claims which correspond to the proposed Count, then this application should be accorded the benefit of the parent PCT application and the Australian priority applications. Accordingly, this application should be the senior party in the interference and such action is requested. For the Examiner's convenience, copies of the Australian priority applications are enclosed with this request.

3

Exhibit A 0079

Serial No. 08/374,645

It is believed that this request complies with all the requirements of 37 CFR 1.607 and 1.608 and declaration of the interference is now requested.

Respectfully submitted,

LOWE, PRICE, LEBLANC & BECKER

Robert L. Price
Registration No. 22,685

99 Canal Center Plaza, Suite 300
Alexandria, Virginia 22314
(703) 684-1111 RLP:ajb
**Date:** March 31, 1998
Facsimile: 703-684-1124

4

Exhibit A 0080

Docket No.: 1451-007B (50179-026)

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of                    :
Kenneth J. McNAUGHT et al.              :
                                        :
Serial No. 08/967,826                   :    Group Art Unit: 1302
                                        :
Filed:  November 12, 1997               :    Examiner:  D. Brunsman
                                        :
For:    HIGH AMYLOSE STARCH AND RESISTANT STARCH FRACTIONS

<u>RESPONSE TO OFFICIAL ACTION</u>

Honorable Commissioner of
   Patents and Trademarks
Washington, D. C.  20231

Sir:

        This is in response to the Official Action dated April 13,
1998 in this application.  In the Official Action, the Examiner
rejected the claims of the application under 35 USC § 101 as
claiming the same invention as claimed in Applicants' prior U.S.
Patent No. 5,714,600.  Reconsideration of this rejection is
requested.

        For the Examiner's information, the Applicants' prior Patent
No. 5,714,600 issued February 3, 1998.  However, the patent issued
without entry of an Amendment which had been submitted in the
pending application, which Amendment was to cancel the claims which
correspond to claims 1-8 in the patent.  Unfortunately, however,
the Amendment failed to reach the file of the patent prior to

1

Exhibit A 0081

Serial No. 08/967,826

publication. The Patent and Trademark Office recognized the mistake and promptly requested Applicants to submit a Certificate of Correction to cancel the claims which correspond to claims 1-8 of the patent. This request for Certificate of Correction was submitted March 12, 1998 and Applicants are awaiting approval of the Certificate of Correction to delete claims 1-8 from the issued U.S. Patent 5,714,600. With deletion of those claims from the patent, the double patenting rejection should be overcome.

In addition, on March 31, 1998, Applicants filed a Request for Interference in this application Serial No. 08/967,826. This Request for Interference obviously crossed in the mail with this Official Action. For the Examiner's information, enclosed is an additional copy of this Request for Interference.

As the Examiner may note from the Request for Interference, Applicants request that an interference be declared between this application and U.S. Patent No. 5,300,145. It is believed that the Request for Interference meets all the requirements of 37 CFR § 1.607 and declaration of the interference should be in order.

Since the claims of Applicants' prior patent are being cancelled by Certificate of Correction, the double patenting objection should be overcome so that these claims should be allowable and the interference can proceed.

2

Exhibit A 0082

Serial No. 08/967,826

    It is believed that the above represents a complete response to the Official Action and reconsideration is requested.

                  Respectfully submitted,

                  McDERMOTT, WILL & EMERY

                  Robert L. Price
                  Registration No. 22,685

99 Canal Center Plaza, Suite 300
Alexandria, Virginia  22314
(703) 518-5100 RLP:ajb
Date:  May 26, 1998
Facsimile: 703-684-1124

3

Exhibit A 0083



**UNITED STATE  EPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:  COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|

| | EXAMINER |
|---|---|

| ART UNIT | PAPER NUMBER |
|---|---|
| 1700 | |

DATE MAILED:

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)
*U.S. GPO: 1997-422-195/50031                                                    1- File Copy

Exhibit A 0084

| *Office Action Summary* | Application No. 08/967,826 | Applicant(s) McNaught et al |
|---|---|---|
| | Examiner David M. Brunsman | Group Art Unit 1755 |

☒ Responsive to communication(s) filed on _26 May 1998_ .

☐ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire _·____three___ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

  ☒ Claim(s) _9-11, 13-15, 24, and 25_ _____ is/are pending in the application.

    Of the above, claim(s) _____ is/are withdrawn from consideration.

  ☐ Claim(s) _____ is/are allowed.

  ☒ Claim(s) _9, 11, 13, 15, 24, and 25_ _____ is/are rejected.

  ☒ Claim(s) _10 and 14_ _____ is/are objected to.

  ☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

  ☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

  ☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

  ☐ The proposed drawing correction, filed on _____ is  ☐approved  ☐disapproved.

  ☐ The specification is objected to by the Examiner.

  ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

  ☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐ All  ☐Some*  ☐None  of the CERTIFIED copies of the priority documents have been

      ☐ received.

      ☐ received in Application No. (Series Code/Serial Number) _____ .

      ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____

  ☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

  ☒ Notice of References Cited, PTO-892

  ☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

  ☐ Interview Summary, PTO-413

  ☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

  ☐ Notice of Informal Patent Application, PTO-152

*— SEE OFFICE ACTION ON THE FOLLOWING PAGES —*

Exhibit A 0085

Serial Number: 08/967826                                                      Page 2

Art Unit: 1108

Claims 17 and 15 are objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

Claims 19 and 15 are allowable over the prior art of record and will be subject to analysis for interference proceedings pending disposition of the remaining claims.

"HIGH-AMYLOSE CORN STARCH: ITS PRODUCTION, PROPERTIES, AND USES", R.F. Senti, Chapter XXI of Starch Chemistry and Technology, Whistler, R.L. and Paschall, E.F. is representative of the large body of prior art teaching starch having up to 85% apparent amylose.

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless --

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

Claims 24, 9, 25, and 13 are rejected under 35 U.S.C. 102(b) as being anticipated by Senti.

Much of the prior art relies on amylose determination based on iodine affinity such as colorimetric, as in the instant application, or potentiometric. The prior art measures this "apparent" amylose by iodine affinity also. Interpreting the claims in light of the specification, the instant claims must be read as"...maize starch having an amylose content of more than 80%, *as*

Serial Number: 08/967826                                           Page 3

Art Unit: 1108

*measured by colorimetric iodine analysis...".* Senti teaches maize starch containing 85% amylose

as measured by colorimetric iodine affinity analysis and gel compositions made therewith.

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless --

(e) the invention was described in a patent granted on an application for patent by another filed in the United

States before the invention thereof by the applicant for patent, or on an international application by another who

has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371© of this title before the invention

thereof by the applicant for patent.

Claims 11 and 15 are rejected under 35 U.S.C. 102(e) as being anticipated by

US 5,300,145.

The reference includes low amylopectin starches containing up to 99% amylose and "low

molecular weight amylose." The basis in the instant application for the limitation at least 94.8%

amylose is not found in priority application PL 3894.

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to David M. Brunsman whose telephone number is (703) 308-

3454. The examiner can normally be reached on Mondays, Tuesdays, Thursdays and Fridays

from 6:30 am to 5:00 pm eastern time.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Mark Bell, can be reached on (703) 308-3823. The fax phone number for this

Group is (703) 305-3599.

Exhibit A 0087

Serial Number: 08/967826                                                Page 4

Art Unit: 1108

Communications via Internet e-mail regarding this application, other than those under 35 U.S.C. 132 or which otherwise require a signature, may be used by the applicant and should be addressed to [mark.bell@uspto.gov].

All Internet e-mail communications will be made of record in the application file. PTO employees do not engage in Internet communications where there exists a possibility that sensitive information could be identified or exchanged unless the record includes a properly signed express waiver of the confidentiality requirements of 35 U.S.C. 122. This is more clearly set forth in the Interim Internet Usage Policy published in the Official Gazette of the Patent and Trademark on February 25, 1997 at 1195 OG 89.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the Group receptionist whose telephone number is (703) 308-0661.

DMBrunsman
July 13, 1998

David M. Brunsman
Primary Examiner
Group 1755

Exhibit A 0088

| *Notice of References Cited* | Application No. 08/967,826 | Applicant(s) McNaught et al | | |
|---|---|---|---|---|
| | Examiner David M. Brunsman | Group Art Unit 1755 | Page 1 of 1 | |

### U.S. PATENT DOCUMENTS

| | | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| | A | | | | | |
| | B | | | | | |
| | C | | | | | |
| | D | | | | | |
| | E | | | | | |
| | F | | | | | |
| | G | | | | | |
| | H | | | | | |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |

### FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|---|
| | N | | | | | | |
| | O | | | | | | |
| | P | | | | | | |
| | Q | | | | | | |
| | R | | | | | | |
| | S | | | | | | |
| | T | | | | | | |

### NON-PATENT DOCUMENTS

| | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|
| U | Senti, "High-Amylose Corn Starch: Its production, properties and use" ✱ | 1967 |
| V | | |
| W | | |
| X | | |

✱ no month available

Exhibit A 0089

Docket No.:  <u>50179-026 (1451-007B)</u>                              *i./C*
                                                                *9/23/98*
                                                        <u>PATENT</u> *B*

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of                 :
                                     :
Kenneth J. McNAUGHT et al.           :
                                     :
Serial No. 08/967,826                :   Group Art Unit:  1755
                                     :
Filed:  November 12, 1997            :   Examiner:  D. Brunsman
                                     :
For:  HIGH AMYLOSE STARCH AND RESISTANT STARCH FRACTIONS

<u>RESPONSE TO OFFICIAL ACTION</u>

Honorable Assistant Commissioner
  for Patents and Trademarks
Washington, D. C.  20231

Sir:

    This is in response to the Official Action dated July 14,
1998, in this application.

    Please amend the application as follows:

<u>IN THE CLAIMS</u>:

    Please cancel claims 9, 10, 13 and 14 from the application.

    Please amend claims 11 and 15 to read as follows:

    11.  (Amended)  A maize starch as in claim [10] <u>24</u> having an
<u>apparent</u> amylose content <u>of 95.7%</u> [94.8%] or more.

1

Serial No. 08/967,826

15. (Amended)  A composition as in claim [14] 22 wherein the maize starch has an <u>apparent</u> amylose content of <u>95.7%</u> [94.8%] or more.

<u>Please amend claims 24 and 25 to read as follows:</u>



24. (Amended)  A maize starch selected from the group consisting of maize starch having an <u>apparent</u> amylose content of more than <u>90.1%</u> [80%], physically or chemically modified derivatives of maize starch having an <u>apparent</u> amylose content of more than <u>90.1%</u> [80%], destructurized maize starch having an <u>apparent</u> amylose content of more than <u>90.1%</u> [80%], and non-destructurized maize starch having an <u>apparent</u> amylose content of more than <u>90.1%</u> [80%].

25. (Amended)  A composition comprising a maize starch selected from the group consisting of maize starch having an <u>apparent</u> amylose content of more than <u>90.1%</u> [80%], physically or chemically modified derivatives of maize starch having an <u>apparent</u> amylose content of more than <u>90.1%</u> [80%], destructurized maize starch having an <u>apparent</u> amylose content of more than 80%, and non-destructurized maize starch having an <u>apparent</u> amylose content of more than <u>90.1%</u> [80%].

2

Exhibit A 0091

Serial No. 08/967,826

Please add the following new claim:

26. A maize starch as in claim 24 having an <u>apparent</u> amylose content of 93.0%.

### REMARKS

The Official Action of July 14, 1998 has been carefully considered. Accordingly, the amendments to the claims of this application, taken with the following remarks, are believed sufficient to place the application in condition for allowance. By this Amendment, claims 9, 10, 13 and 14 are cancelled, and independent claims 24 and 25 have been revised to indicate that the maize starch has an <u>apparent</u> amylose content of more than 90.1% with support from original claim 10 and in the application at page 9, lines 31-33. A minimum 90.1% value is also found in Australian priority application No. PL3894, at page 7, line 15. In addition, claims 11 and 15 have been amended to recite an <u>apparent</u> amylose content of 95.7% rather than 94.8%. Support for this value may be found in the table on page 9 of the specification and in the same table on page 10 of the Australian application PL3894. In addition, specific claim 26 has been added to cover a specific starches described in these tables of an <u>apparent</u> amylose content of 93.0%. Support for the term "apparent" amylose content may be found at page 5, line 1, and elsewhere in the disclosure.

3

24

Exhibit A 0092

Serial No. 08/967,826

Therefore, since all the amendments are fully supported by the specification, entry is requested.

In the Official Action, claims 11 and 15 were objected to as being dependent upon a rejected base claim but would be allowable if rewritten in independent form. It is believed that the Examiner intended that this objection pertain to claims 10 and 14 because claims 11 and 15 are rejected on page 3 of the Action, as anticipated by U.S. Patent No. 5,300,145 on the ground that support for the limitation of 94.8% is not found in priority application PL3894. Claims 10 and 14 have been cancelled and the 90.1% limitation has been inserted into independent claims 24 and 25 to make those claims allowable.

In addition, claims 11 and 15, which were rejected as anticipated by U.S. Patent No. 5,300,145 have been amended to recite that the amylose content is 95.7% rather than 94.8%. Support for the value of 95.7% is found in the table on page 9 of the specification and in the corresponding table in Australian priority application No. PL3894.

Broad claims 24, 9, 25 and 13 were rejected under 35 U.S.C. §102(b) as anticipated by the reference to Senti. The Examiner did not provide a copy of the reference but indicated that it was representative of a large body of prior art teaching starch having up to 85% apparent amylose. In order to avoid this reference, Applicants have amended the main claims in this application to

4

Serial No. 08/967,826

indicate that the minimum starch amylose content in the starch is 90.1% as in original claim 10 and 14, which are believed free of the art. Therefore, it is believed that the enclosed amendments and above remarks are sufficient to place all claims in this application in condition for allowance.

Since the claims are believed to be in condition for allowance, Applicants hereby renew the Request for Interference as originally filed May 26, 1998. As pointed out in that prior request, Applicants request that an interference be declared between this application and U.S. Patent No. 5,300,145 which has a filing date of August 28, 1992. This application is a division of prior pending allowed application Serial No. 08/374,645, filed April 27, 1995, which latter application is a section 371 application of PCT/AU93/00389 filed July 30, 1993. The PCT application claims priority to Australian application No. PL3894 filed July 31, 1992 and Serial No. PL7266 filed February 12, 1993 in Australia. It is submitted that Applicants are entitled to the benefit of the filing date of Australian priority application No. PL3894 filed July 31, 1992, for all pending claims which filing date antedates the filing date of U.S. Patent No. 5,300,145. Accordingly, in any interference, Applicants should be indicated as the senior party. It is therefore requested that an interference be declared with the following proposed count:

5

Exhibit A 0094

Serial No. 08/967,826

Proposed Count

    A substantially pure starch extracted from a plant source having an amylose extender genotype, the starch comprising at least 75% amylose determined by butanol fractionation/exclusion chromatography measurement,
or
a maize starch selected from the group consisting of maize starch having an apparent amylose content of more than 90.1%, physically or chemically modified derivatives of maize starch having an apparent amylose content of more than 90.1%, destructurized maize starch having an apparent amylose content of more than 90.1%, and non-destructurized maize starch having an apparent amylose content of more than 90.1%.

This proposed count covers the subject matter of claim 6 of U.S. Patent 5,300,145 or claim 24 of this application. Claims 1-20 of U.S. Patent 5,300,145 are considered to correspond to the proposed count. Claims 11, 15 and 24-26 of this application are considered to correspond to the proposed count.

It is believed that all claims in the application are in now in condition for allowance and declaration of an interference is in order. Accordingly, allowance and declaration of the interference are requested.

Respectfully submitted,

McDERMOTT, WILL & EMERY

*Robert S. Price*

Robert L. Price
Registration No. 22,685

99 Canal Center Plaza, Suite 300
Alexandria, Virginia 22314
(202) 756-8600 RLP:brca
Date: September 22, 1998
Facsimile: 202-756-8699

6

Exhibit A 0095



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| | | | |

| | EXAMINER |
|---|---|
| | |
| ART UNIT | PAPER NUMBER |
| | |

DATE MAILED:

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)

1- File Copy

Exhibit A 0096

Application/Control Number: 08967826                                    Page 2

Art Unit: 1755

    All claims are allowable. However, due to a potential interference, *ex parte* prosecution is SUSPENDED pending determination of the propriety of declaring an interference.

    Any inquiry concerning this communication or earlier communications from the examiner should be directed to David M. Brunsman whose telephone number is (703) 308-3454. The examiner can normally be reached on Mondays, Tuesdays, Thursdays and Fridays from 6:30 am to 5:00 pm eastern time.

    If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Mark Bell, can be reached on (703) 308-3823. The fax phone number for this Group is (703) 305-3599.

    Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the Group receptionist whose telephone number is (703) 308-0661.

DMBrunsman
October 26, 1998

David M. Brunsman
**Primary Examiner**
**Group 1755**



UNITED STAT~  ~PARTMENT OF COMMERCE
Patent and Trademark Office

ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

## CHANGE OF ADDRESS/POWER OF ATTORNEY

LOCATION    17X1    SERIAL NUMBER 08967826    PATENT NUMBER

THE CORRESPONDENCE ADDRESS HAS BEEN CHANGED TO CUSTOMER #  20277

THE PRACTITIONERS OF RECORD HAVE BEEN CHANGED TO CUSTOMER #  20277

THE FEE ADDRESS HAS BEEN CHANGED TO CUSTOMER #  20277

ON 02/11/99 THE ADDRESS OF RECORD FOR CUSTOMER NUMBER  20277 IS:

                    MCDERMOTT WILL & EMERY
                    600 13 STREET·N W
                    WASHINGTON DC 20005

AND THE PRACTITIONERS OF RECORD FOR CUSTOMER NUMBER  20277 ARE:

| 15497 | 22685 | 23687 | 26106 | 26151 | 26527 | 28149 | 28363 | 28553 | 28562 |
| 29017 | 30020 | 30589 | 32029 | 33351 | 33424 | 33965 | 34035 | 34111 | 34523 |
| 35894 | 36139 | 36190 | 36324 | 36801 | 36976 | 37136 | 37182 | 37578 | 37777 |
| 39397 | 39552 | 39929 | 40289 | 40358 | 41367 | 41428 |

PTO INSTRUCTIONS: PLEASE TAKE THE FOLLOWING ACTION WHEN THE
CORRESPONDENCE ADDRESS HAS BEEN CHANGED TO CUSTOMER NUMBER:
RECORD, ON THE NEXT AVAILABLE CONTENTS LINE OF THE FILE JACKET,
'ADDRESS CHANGE TO CUSTOMER NUMBER'.  LINE THROUGH THE OLD
ADDRESS ON THE FILE JACKET LABEL AND ENTER ONLY THE 'CUSTOMER
NUMBER' AS THE NEW ADDRESS.  FILE THIS LETTER IN THE FILE JACKET.
WHEN ABOVE CHANGES ARE ONLY TO FEE ADDRESS AND/OR PRACTITIONERS
OF RECORD, FILE LETTER IN THE FILE JACKET.

PTO-FMD
TALBOT- 1/97

Exhibit A 0098

Docket No.: 50179-026                  **PATENT**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE    *175ʒ*

In re Application of               :

Kenneth J. McNAUGHT et al    :

Serial No.: 08/967,826             :      Group Art Unit: 1302

Filed: November 12, 1997         :      Examiner: D. Brunsman

For:    HIGH AMYLOSE STARCH AND RESISTANT STARCH FRACTIONS

Honorable Commissioner of
   Patents and Trademarks
Washington, D. C. 20231

### CORRESPONDENCE ADDRESS CHANGE

Sir:

     Please change the records to indicate the current firm name and telephone number for the

above-identified application and forward all future correspondence as follows:

McDERMOTT, WILL & EMERY
600 13th Street, N.W.
Washington, DC 20005-3096

202-756-8000
Facsimile: 202-756-8087

Respectfully submitted,

MCDERMOTT, WILL & EMERY

*Robert L. Price*

Robert L. Price
Registration No. 22,685

600 13th Street, N.W.
Washington, DC 20005-3096
(202) 756-8000 RLP:kmb
**Date: January 24, 2000**
Facsimile: (202) 756-8087

Exhibit A 0099



**UNITED ST ES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address:  COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/967,826 | 11/12/97 | MCNAUGHT | K | 1451-007B |

```
┌                              ┐        IM52/1009
  MCDERMOTT WILL & EMERY
  600 13TH STREET N.W.
  WASHINGTON DC 20005
└                              ┘
```

| EXAMINER |
|---|
| BRUNSMAN, D |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1755 | 13 |

DATE MAILED:  10/09/01

Please find below and/or attached an Office communication concerning this application or
proceeding.

Commissioner of Patents and Trademarks

Exhibit A 0100

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 08/967,826 | MCNAUGHT ET AL. |
| | Examiner | Art Unit |
| | David M Brunsman | 1755 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on 22 September 1998 .

2a)☐ This action is FINAL.    2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) *11,15 and 24-26* is/are pending in the application.

　4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) *11,15 and 24-26* is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

　Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11)☐ The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved by the Examiner.

　If approved, corrected drawings are required in reply to this Office action.

12)☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13)☒ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

　a)☒ All b)☐ Some * c)☐ None of:

　　1.☐ Certified copies of the priority documents have been received.

　　2.☒ Certified copies of the priority documents have been received in Application No. *08/374,645* .

　　3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

　* See the attached detailed Office action for a list of the certified copies not received.

14)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

　a)☐ The translation of the foreign language provisional application has been received.

15)☒ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)
2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3)☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .
4)☐ Interview Summary (PTO-413) Paper No(s). _____ .
5)☐ Notice of Informal Patent Application (PTO-152)
6)☐ Other: _____

Exhibit A 0101

Application/Control Number: 08/967,826                                          Page 2
Art Unit: 1755

A rejection based on double patenting of the "same invention" type finds its support in the language of 35 U.S.C. 101 which states that "whoever invents or discovers any new and useful process ... may obtain a patent therefor ..." (Emphasis added). Thus, the term "same invention," in this context, means an invention drawn to identical subject matter. See *Miller v. Eagle Mfg. Co.*, 151 U.S. 186 (1894); *In re Ockert*, 245 F.2d 467, 114 USPQ 330 (CCPA 1957); and *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970).

A statutory type (35 U.S.C. 101) double patenting rejection can be overcome by canceling or amending the conflicting claims so they are no longer coextensive in scope. The filing of a terminal disclaimer cannot overcome a double patenting rejection based upon 35 U.S.C. 101.

Claims 24 and 25 are rejected under 35 U.S.C. 101 as claiming the same invention as that of claims 3 and 7 of prior U.S. Patent No. 5714600. This is a double patenting rejection. The terms "amylose content" as recited in the patent and "apparent amylose content" as recited in the instant application are defined alike.

The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees. See *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970); and, *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) may be used to overcome an actual or provisional rejection based on a nonstatutory double patenting ground provided the conflicting application or patent is shown to be commonly owned with this application. See 37 CFR 1.130(b).

Effective January 1, 1994, a registered attorney or agent of record may sign a terminal disclaimer. A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

Claims 11, 15 and 26 are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 3, 4, 7, and 8 of U.S. Patent No. 5714600. Although the conflicting claims are not identical, they are not patentably distinct from each other because the ranges claimed overlap with that of the patent. As admitted in the instant

Exhibit A 0102

Application/Control Number: 08/967,826                              Page 3
Art Unit: 1755

specification, it has been desired in the art to maximize amylose content. It would have been

obvious to one of ordinary skill in the art to select amylose contents greater than 93% or greater

than 95.7% for that reason. The particular ranges are explicitly disclosed in the patent examples,

see page 5, lines 10-20.

      Any inquiry concerning this communication or earlier communications from the

examiner should be directed to David M Brunsman whose telephone number is 703-308-3454.

The examiner can normally be reached on M, Tu, Th, F (6:30-5:00).

      If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Mark Bell can be reached on 703-308-3823. The fax phone numbers for the

organization where this application or proceeding is assigned are 703-872-9049 for regular

communications and 703-305-3599 for After Final communications.

      Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to the receptionist whose telephone number is 703-308-0661.

                                   David M Brunsman
                                   Primary Examiner
                                   Art Unit 1755

DMB
October 8, 2001

| | | Application/Control No. | | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|---|
| ***Notice of References Cited*** | | 08/967,826 | | MCNAUGHT ET AL. |
| | | Examiner | | Art Unit | Page 1 of 1 |
| | | David M Brunsman | | 1755 | |

### U.S. PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification | |
|---|---|---|---|---|---|---|
| | A | US-5714600 | 02-1998 | McNaught et al | 536 | 102 |
| | B | US- | | | | |
| | C | US- | | | | |
| | D | US- | | | | |
| | E | US- | | | | |
| | F | US- | | | | |
| | G | US- | | | | |
| | H | US- | | | | |
| | I | US- | | | | |
| | J | US- | | | | |
| | K | US- | | | | |
| | L | US- | | | | |
| | M | US- | | | | |

### FOREIGN PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

### NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)        Notice of References Cited        Part of Paper No. 13

Exhibit A 0104

'755

Docket No.: 50179-026                                                    PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

FEB 0 8 2002

In re Application of                                    :

Kenneth J. MCNAUGHT, et al.                             :

Serial No.: 08/967,826                                  :    Group Art Unit: 1302

Filed: November 12, 1997                                :    Examiner: D. Brunsman

For:    HIGH AMYLOSE STARCH AND RESISTANT STARCH FRACTIONS

RECEIVED
FEB 1 3 2002
TC 1700

PETITION FOR EXTENSION OF TIME

Commissioner for Patents
Washington, DC  20231

Sir:

It is respectfully requested that the time for response to the Office Action dated October
9, 2001, now due to expire January 9, 2002, be extended for one month(s) and set to expire on
February 9, 2002.

Please charge the extension fee of $110.00 to Deposit Account No. 500417.  Please
charge any additional fees or credit any overpayment to Deposit Account No. 500417.

Respectfully submitted,

MCDERMOTT, WILL & EMERY

Robert L. Price
Registration No. 22,685

02/11/2002 HMOOR1    00000075 500417    08967826
01 FC:115       110.00 CH

600 13th Street, N.W.
Washington, DC  20005-3096
(202) 756-8000  RLP:ajb
Date:  February 8, 2002
Facsimile: (202) 756-8087

Docket No.: 50179-026                                            PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of                          :

Kenneth J. MCNAUGHT, et al.                   :

Serial No.: 08/967,826                        :    Group Art Unit: 1302

Filed: November 12, 1997                      :    Examiner: D. Brunsman

For:   HIGH AMYLOSE STARCH AND RESISTANT STARCH FRACTIONS

RESPONSE TO OFFICIAL ACTION

Commissioner for Patents
Washington, DC 20231

Sir:

      This is in response to the Official Action of October 9, 2001 in this application.
In the action, double patenting rejections were made over certain claims of applicants'
parent U.S. Patent 5,714,600.  In particular, claims 24 and 25 were rejected under 35
USC 101 as claiming the same invention as that of claims 3 and 7 of prior U.S. Patent
5,714,600 ('600 patent).  In addition, claims 11, 15 and 26 were rejected under the
judicially created doctrine of obviousness type double patenting over claims 3, 4, 7 and 8
of U.S. Patent 5,714,600.  Reconsideration of these rejections is requested.

      The Examiner has apparently made these rejections based on a misinterpretation
of the Certificate of Correction issued in the applicants' parent '600 patent.  In fact, claims
1-8 do not exist in the parent '600 patent as those claims were cancelled prior to issuance
of the patent.  However, the Patent Office failed to enter the appropriate amendment so
that the patent was printed including claims 1-8 which in fact had been cancelled.  One
copy of the Certificate of Correction issued for the parent patent is enclosed.  In that
Certificate of Correction, the Examiner will note that the Certificate states that claims 9-

Exhibit A 0106

08/967,826

11, 13-15, 24 and 25 of the application Serial No. 374,645 which issued as this patent had been cancelled. Accordingly, the final order of the claims in the '600 patent should be claims 16-29 which should be renumbered as claims 1-10. There is one error in the Certificate of Correction in that claim 17 should also be dependent on claim 1. The Certificate of Correction is somewhat confusing however because it refers to the original numbering of the claims from the pending application which subsequently became the '600 patent. Thus, application claim 16 is patent claim 9, application claim 17 is patent claim 10, and application claims 26-29 are claims 11-14 respectively, and application claims 20-23 are patent claims 15-18, respectively. Applicants will file a request for a further Certificate of Correction to clarify this matter.

Since all the double patenting rejections are based on the claims which were cancelled from the '600 patent, it is submitted that the rejection should be withdrawn and the claims found allowable.

To the extent necessary, a petition for an extension of time under 37 C.F.R. 1.136 is hereby made. Please charge any shortage in fees due in connection with the filing of this paper, including extension of time fees, to Deposit Account 500417 and please credit any excess fees to such deposit account.

Respectfully submitted,

MCDERMOTT, WILL & EMERY

Robert L. Price
Registration No. 22,685

600 13th Street, N.W.
Washington, DC 20005-3096
(202) 756-8000 RLP:ajb
Date: February 8, 2002
Facsimile: (202) 756-8087

2

Exhibit A 0107

UNITED STATES PATENT AND TRADEMARK OFFICE

# CERTIFICATE OF CORRECTION

PATENT NO. :  5,714,600

DATED  :  February 3, 1998

INVENTOR(S) :  Kenneth J. McNAUGHT et al

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

--Cancel claims 9-11, 13-15, 24 and 25--.

The Final Order of the claims should be:

```
1.    16
2.    17
3.    20 depends 1
4.    21 depends 2
5.    22 depends 1
6.    23 depends 1
7.    26 depends 2
8.    27 depends 7
9.    28 depends 8
10.   29 depends 9
```

Signed and Sealed this

Sixteenth Day of June, 1998

Attest:

Attesting Officer

BRUCE LEHMAN

Commissioner of Patents and Trademarks

Exhibit A 0108

MF-16

| *Notice of Allowability* | Application No. | Applicant(s) |
|---|---|---|
| | 08/967,826 | MCNAUGHT ET AL. |
| | Examiner | Art Unit |
| | David M Brunsman | 1755 |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *applicant's response filed 08 February 2002.*

2. ☒ The allowed claim(s) is/are *11,15 and 24-26.*

3. ☐ The drawings filed on _____ are accepted by the Examiner.

4. ☒ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   a) ☒ All    b) ☐ Some*    c) ☐ None of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☒ Certified copies of the priority documents have been received in Application No. *08/374,645* .
   3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
   * Certified copies not received: _____ .

5. ☒ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).
   (a) ☐ The translation of the foreign language provisional application has been received.

6. ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

7. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

8. ☒ CORRECTED DRAWINGS must be submitted.
   (a) ☒ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached
      1) ☐ hereto or 2) ☒ to Paper No. *6.*
   (b) ☐ including changes required by the proposed drawing correction filed _____ , which has been approved by the Examiner.
   (c) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No. _____ .

   Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the top margin (not the back) of each sheet. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.

9. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Attachment(s)

| | |
|---|---|
| 1☐ Notice of References Cited (PTO-892) | 2☐ Notice of Informal Patent Application (PTO-152) |
| 3☐ Notice of Draftsperson's Patent Drawing Review (PTO-948) | 4☐ Interview Summary (PTO-413), Paper No.____ . |
| 5☐ Information Disclosure Statements (PTO-1449), Paper No. ____. | 6☐ Examiner's Amendment/Comment |
| 7☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material | 8☐ Examiner's Statement of Reasons for Allowance |
| | 9☐ Other |

David M Brunsman
Primary Examiner
Art Unit: 1755

U.S. Patent and Trademark Office
PTO-37 (Rev. 04-01)                Notice of Allowability                Part of Paper No. 16 .

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

6

## NOTICE OF ALLOWANCE AND FEE(S) DUE

20277     7590     02/26/2002

MCDERMOTT WILL & EMERY
600 13TH STREET, N.W.
WASHINGTON, DC 20005-3096

| EXAMINER |
| --- |
| BRUNSMAN, DAVID M |

| ART UNIT | CLASS-SUBCLASS |
| --- | --- |
| 1755 | 127-032000 |

DATE MAILED: 02/26/2002

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
| --- | --- | --- | --- | --- |
| 08/967,826 | 11/12/1997 | KENNETH J. MCNAUGHT | 1451-007B | 7663 |

TITLE OF INVENTION: HIGH AMYLOSE STARCH AND RESISTANT STARCH FRACTIONS

| TOTAL CLAIMS | APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
| --- | --- | --- | --- | --- | --- | --- |
| 5 | nonprovisional | NO | $1280 | $0 | $1280 | 05/28/2002 |

THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT.
PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS.
THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON
PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE
MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY
PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE REFLECTS A CREDIT
FOR ANY PREVIOUSLY PAID ISSUE FEE APPLIED IN THIS APPLICATION. THE PTOL-85B (OR AN EQUIVALENT)
MUST BE RETURNED WITHIN THIS PERIOD EVEN IF NO FEE IS DUE OR THE APPLICATION WILL BE REGARDED AS
ABANDONED.

HOW TO REPLY TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above. If the SMALL
ENTITY is shown as YES, verify your current SMALL ENTITY
status:

A. If the status is changed, pay the PUBLICATION FEE (if required)
and twice the amount of the ISSUE FEE shown above and notify the
United States Patent and Trademark Office of the change in status, or

B. If the status is the same, pay the TOTAL FEE(S) DUE shown
above.

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now
claiming SMALL ENTITY status, check the box below and enclose
the PUBLICATION FEE and 1/2 the ISSUE FEE shown above.

☐ Applicant claims SMALL ENTITY status.
See 37 CFR 1.27.

II. PART B - FEE(S) TRANSMITTAL should be completed and returned to the United States Patent and Trademark Office (USPTO) with
your ISSUE FEE and PUBLICATION FEE (if required). Even if the fee(s) have already been paid, Part B - Fee(s) Transmittal should be
completed and returned. If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be
completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to
Box ISSUE FEE unless advised to the contrary.

IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of
maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.

Page 1 of 3

PTOL-85 (REV. 07-01) Approved for use through 01/31/2004.

Exhibit A 0110

PART B - FEE(S) TRANSMITTAL

Complete and mail this form, together with applicable fee(s), to: **Box ISSUE FEE**
**Assistant Commissioner for Patents**
**Washington, D.C. 20231**

MAILING INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

20277      7590      02/26/2002

MCDERMOTT WILL & EMERY
600 13TH STREET, N.W.
WASHINGTON, DC 20005-3096

Note: The certificate of mailing below can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing.

Certificate of Mailing

I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 08/967,326 | 11/12/1997 | KENNETH J. MCNAUGHT | 1451-007B | 7663 |

TITLE OF INVENTION: HIGH AMYLOSE STARCH AND RESISTANT STARCH FRACTIONS

| TOTAL CLAIMS | APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 5 | nonprovisional | NO | $1280 | $0 | $1280 | 05/28/2002 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| BRUNSMAN, DAVID M | 1755 | 127-032000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363). Use of PTO form(s) and Customer Number are recommended, but not required.

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47) attached.

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the USPTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE          (B) RESIDENCE: (CITY and STATE or COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent)   ☐ individual   ☐ corporation or other private group entity   ☐ government

4a. The following fee(s) are enclosed:

☐ Issue Fee

☐ Publication Fee

☐ Advance Order - # of Copies _____

4b. Payment of Fee(s):

☐ A check in the amount of the fee(s) is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☐ The Commissioner is hereby authorized by charge the required fee(s), or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

The COMMISSIONER OF PATENTS AND TRADEMARKS is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.

(Authorized Signature)          (Date)

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending on the needs of the individual case. Any comments on the amount of time required to complete this form should be sent to the Chief Information Officer, United States Patent and Trademark Office, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND FEES AND THIS FORM TO: Box Issue Fee, Assistant Commissioner for Patents, Washington, D.C. 20231

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

TRANSMIT THIS FORM WITH FEE(S)

PTOL-85 (REV. 07-01) Approved for use through 01/31/2004. OMB 0651-0033          U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

Exhibit A 0111

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 08/967,826 | 11/12/1997 | KENNETH J. MCNAUGHT | 1451-007D | 7663 |

| | | EXAMINER |
|---|---|---|
| 20277 | 7590 | 02/26/2002 |

BRUNSMAN, DAVID M

MCDERMOTT WILL & EMERY
600 13TH STREET, N.W.
WASHINGTON, DC 20005-3096
UNITED STATES

| ART UNIT | PAPER NUMBER |
|---|---|
| 1755 | |

DATE MAILED: 02/26/2002

## Determination of Patent Term Extension under 35 U.S.C. 154 (b)
### (application filed after June 7, 1995 but prior to May 29, 2000)

The patent term extension is 0 days. Any patent to issue from the above identified application will include an indication of the 0 day extension on the front page.

If a continued prosecution application (CPA) was filed in the above-identified application, the filing date that determines patent term extension is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) system. (http://pair.uspto.gov)

PTOL-85 (REV. 07-01) Approved for use through 01/31/2004.

Exhibit A 0112

Docket No.: 50179-028

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of      :

Kenneth J. MCNAUGHT, et al.    :

Serial No.: 08/967,826      :   Group Art Unit: 1755

Filed: November 12, 1997    :   Allowed: February 26, 2002
                                  :   Examiner: D. Brunsman

For: HIGH AMYLOSE STARCH AND RESISTANT STARCH FRACTIONS

## LETTER SUBMITTING FORMAL DRAWINGS

Box Issue Fee
Commissioner for Patents
Washington, DC 20231

Sir:

    In response to the Notice of Allowability dated February 26, 2002, submitted herewith are four (04) sheets of Formal Drawings in connection with the above referenced application.

                              Respectfully submitted,

                              MCDERMOTT, WILL & EMERY

                              *Robert L. Price*

                              Robert L. Price
                              Registration No. 22,685

600 13th Street, N.W.
Washington, DC 20005-3096
(202)756-8000 RLP:blp
Facsimile: (202)756-8087
**Date: May 13, 2002**

6409840



FIG. 1



FIG. 2

Exhibit A 0115



FIG. 3

Exhibit A 0116



FIG. 4

Exhibit A 0117