IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATIONAL STARCH AND CHEMICAL INVESTMENT HOLDING CORP., PENFORD AUSTRALIA LTD., AND PENFORD HOLDINGS PTY, <br><br> Plaintiffs, <br><br> v. <br><br> CARGILL, INC., AND MGP INGREDIENTS, INC., <br><br> Defendants. | C.A. No. 04-1443 (GMS) |

## ORDER

1. A hearing is scheduled in the above-captioned matter on Wednesday, November 2, 2005, for the purpose of construing the phrase "amylose content" in U.S. Patent No. 5,977,454 ("the '454 patent"), and the phrase "apparent amylose content" in U.S. Patent No. 6,409,840 B1 ("the '840 patent"). After reviewing the parties' submissions, the court poses the following inquiries:

2. Do the Defendants agree with the Plaintiffs' assertion that "'amylose content' as used in both patents refers to the 'apparent amylose content' of the starch, as one of ordinary skill in the art would determine it from the patents"? (D.I. 40 at 3.) Is it the Defendants' contention that amending the claims of the '840 patent from 80% to 90.1% would not have been sufficient, standing alone, to overcome the prior art cited by the examiner? Is it likewise the Defendants' contention that the addition of "apparent" to "amylose content" during prosecution of the '840 patent altered the scope of the claims? If the latter question is answered in the affirmative, how does that contention mesh with the Defendants' statement that "the common specification uses 'amylose content' and 'apparent amylose content'

        interchangeably"? (D.I. 38 at 7.)

3. Is the Defendants' proposed construction "amylose content measured by colorimetric iodine analysis," as indicated in the joint claim chart (D.I. 36), or "amylose content as measured by at least any colorimetric iodine analysis," as indicated in their briefs (D.I. 38 at 1)? Is there a difference? What additional meaning does "at least any" impart to the proposed construction?

4. If not every test is appropriate for measuring the apparent amylose content in every substance (see, e.g., D.I. 39, Ex. 10 at A163, A167, A179), or alternatively, if, as the Defendants suggest, different tests can yield significantly different results (D.I. 38 at 15-16), would it be advisable for the court construe the term in accordance with the Plaintiffs' proposal, and then leave it to the parties to present doctrine-of-equivalents evidence at trial through expert testimony? To the extent the Plaintiffs will present allegedly improper arguments/evidence at trial (i.e., inconsistent with their position during prosecution), could that matter be appropriately handled via a motion *in limine* filed closer to trial after the details of the Plaintiffs' arguments become clearer?

IT IS HEREBY ORDERED THAT:

        The parties organize their respective presentations in such a way that the court's inquiries are adequately addressed.


Dated: October 27, 2005                                 /s/ Gregory M. Sleet
                                                                     UNITED STATES DISTRICT JUDGE