IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NATIONAL STARCH AND CHEMICAL
INVESTMENT HOLDING
CORPORATION, PENFORD
AUSTRALIA LTD., and PENFORD
HOLDINGS PTY,

               Plaintiffs,

     v.

CARGILL, INC. and
MGP INGREDIENTS, INC.,

               Defendants.

C.A. No. 04-1443-GMS

**DEFENDANTS' RULE 30(b)(6)**
**NOTICE OF DEPOSITION TO PLAINTIFFS**

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30(b)(6) of the Federal

Rules of Civil Procedure, Defendants will take deposition on oral examination of

National Starch and Chemical Investment Holding Corporation, Penford Australia Ltd.,

and Penford Holdings Pty. (collectively "Plaintiffs") on January 5, 2006, continuing day

to day until completed, at the offices of Fish & Richardson P.C., 919 North Market

Street, Suite 1100, Wilmington, DE, 19801.  Plaintiffs shall designate one or more

officers, directors or managing agents, or other persons who have knowledge of and will

consent to testify on behalf of Plaintiffs with respect to the topics listed in Exhibit A.  The

deposition shall be recorded by a stenographer duly authorized to administer oaths and

will be videotaped.  You are invited to attend and cross-examine.

**EXHIBIT A – TOPICS FOR EXAMINATION**

1.      The acquisition by the named inventors of the parental maize lines identified at Columns 2, 4 and 5 of the patents-in-suit.

2.      The amylose content of the parental maize lines identified at Columns 2, 4 and 5 of the patents-in-suit, including when, how and by whom measured.

3.      The development, selection process, breeding lineage, laboratory testing and field testing of the parental maize lines identified at Columns 2, 4 and 5 of the patents-in-suit.

4.      Use of the parental maize lines identified at Columns 2, 4 and 5 of the patents-in-suit to create test hybrids, experimental hybrids or commercial hybrids, including any hybrid embodying any claim of the '454 patent.

5.      The amylose content of all hybrids or hybrid crosses identified in response to Topic 4 above, including when, how and by whom measured, and where grown and under what conditions.

6.      The relationship, if any, between the named inventors and High Yield Seed Company of Tamworth, Australia prior to 1994.

7.      The relationship, if any, between High Yield Seed Company of Tamworth, Australia and Starch Australasia or Goodman Fielder or Penford prior to 1994.

8.      The business of High Yield Seed Company of Tamworth, Australia, particularly including its development, sale or supply of high amylose inbreds or hybrids to Starch Australasia or Goodman Fielder or Penford or other seed companies prior to 1994.

9.      The development of maize seed line Code 008, including its breeding and testing history, and all testing of its amylose content, when, how and by whom measured, and where grown and under what conditions.

10.     The first offer for sale, sale and public use of any hybrid embodying any claim of the '454 patent, including maize seed line Code 008.

11.     The amylose content of Gelose 50, Gelose 70 and Gelose 80, including when, how and by whom measured.

12.     The amylose content of the F1 seed and resulting grain used to make Gelose 50, Gelose 70 and Gelose 80, including when, how and by whom measured.

13.     The first offer for sale, sale and public use of the F1 seed and resulting grain used to make Gelose 50, Gelose 70, Gelose 80, Hylon V and Hylon VII.

14.     The first offer for sale, sale and public use of Gelose 50, Gelose 70, Gelose 80, Hylon V and Hylon VII.

15.     The development of the test set forth at Columns 3 and 4 of the patents-in-suit.

16.     The exact method and equipment necessary for performing the test set forth at Columns 3 and 4 of the patents-in-suit.

17.     Plaintiffs use of the test set forth at Columns 3 and 4 of the patents-in-suit for purposes of generating data related to the claimed inventions; for other experimental purposes; or for commercial purposes.

18.     The high amylose maize seed and starch described in U.S. Patent No. 5,300,145, including the development, selection process, breeding lineage, laboratory

2

testing and field testing of VJR-1, VJR-2, VJR-3, and the "parents" and "progeny" listed in the Table at Column 10 of the '145 patent

19.    The amylose content of the high amylose maize seed and starch described in U.S. Patent No. 5,300,145 (VJR-1, VJR-2, VJR-3, Hylon V, Hylon VII, and the "parents" and "progeny" listed in the Table at Column 10 of the '145 patent), including when, how and by whom measured.

20.    The testing and test results set forth at Tables I – V of the '145 patent and in the Examples.

21.    Applicants request for a Declaration of Interference between Serial No. 08/967,826 and U.S. Patent No. 5,300,145, including the disposition or resolution of this request, and any agreements or communications between Applicants, Penford, or National Starch relating to such disposition or resolution.

22.    Any Agreements between plaintiffs relating to the patents-in-suit or to U.S. Patent No. 5,300,145.

23.    The identity of the "new, possibly relevant prior art" referenced in Applicants' February 10, 1998 request to cancel claims, including the date upon which Applicants or their attorneys first learned of this art.

24.    Any testing by either plaintiff of the amylose content of any maize seed or maize starch products purchased by, manufactured by or sold by American Maize Company, Cerestar, Cargill or MGPI.

25.    The prosecution and prosecution history of the patents-in-suit and U.S. Patent No. 5,300,145.

26.    Identification of any documents related to the Topics listed above.

Dated:  December 15, 2005          FISH & RICHARDSON P.C.


By:  /s/ *Thomas L. Halkowski*
　　　Thomas L.  Halkowski (#4099)
　　　919 N. Market Street, Suite 1100
　　　P.O. Box 1114
　　　Wilmington, DE 19899-1114
　　　Telephone:  (302) 652-5070
　　　Facsimile:  (302) 652-0607

*Attorneys for Defendants*
*Cargill, Incorporated and MGP Ingredients, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2005, I electronically filed

**DEFENDANTS' RULE 30(b)(6) NOTICE OF DEPOSITION TO PLAINTIFFS**

with the Clerk of Court using CM/ECF which will send electronic notification of such

filing(s) to the following Delaware counsel.  In addition, the filing will also be sent via

hand delivery:


Josy W. Ingersoll                                    *Attorneys for Plaintiffs*
Young Conaway Stargatt & Taylor, LLP    *National Starch and Chemical*
The Brandywine Building, 17th Floor          *Investment Holding Corporation,*
1000 West Street                                       *Penford Australia Ltd., and Penford*
P.O. Box 391                                            *Holding Pty*
Wilmington, DE  19899-0391


I hereby certify that on December 15, 2005, I have mailed by Federal Express, the

document(s) to the following non-registered participants:

Richard L. DeLucia                        Attorneys for Plaintiffs
Kenyon & Kenyon                         National Starch & Chemical Investment
One Broadway                              Holding Corporation, Penford Australia
New York, NY 10004                    Ltd., and Penford Holding Pty,




/s/ *Thomas L. Halkowski*
Thomas L. Halkowski



80028877.doc