# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

January 6, 2006

The Honorable Gregory M. Sleet
United States District Court
for the District of Delaware
844 N. King Street
Wilmington, DE 19801

**VIA ELECTRONIC FILING**

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

Re: *National Starch and Chemical, et al. v. Cargill, Inc., et al.*
    USDC-D. Del. - C.A. No. 04-1443-GMS

Dear Judge Sleet:

In anticipation of the discovery teleconference scheduled for Tuesday, January 10, 2006 at 2:00 p.m. in the above-captioned matter, the parties jointly submit the following agenda.



**DEFENDANTS' ISSUES:**

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Plaintiffs filed this case in November of 2004. Fact discovery is set to close on February 15, 2006.

*1. Plaintiffs' Failure To Produce Documents.*
To date - nearly 4 months after service of Defendant's September 12th requests - the only documents received from Plaintiffs have been copies of the patents-in-suit and accompanying file histories. By contrast, Defendants have begun production and yesterday sent out thousands of documents to Plaintiffs.

*2. Plaintiffs Failure To Produce Samples of Seed or Starch.*
To date - over 4 and 1/2 months after service of Defendant's August 25th requests - Plaintiffs have produced <u>no</u> samples that practice the patents, <u>no</u> samples of seed used to develop the alleged invention, and <u>no</u> prior art samples. Plaintiffs have produced a single sample of a commercial starch, sold by one plaintiff, that does not practice the patents in suit. By contrast, Defendants weeks ago produced 20 different samples of starch and seed at Plaintiffs' request.

*3. Plaintiffs' Failure To Produce Witnesses.*
Defendants served a 30(b)(6) deposition notice on Plaintiffs on December 15, 2005, and subpoenaed Dr. Fergason, an inventor of the '145 patent (attached). Plaintiffs cancelled both depositions and have not provided any alternate dates.[1] By contrast, Plaintiffs noticed five depositions next week and Defendants are producing 4 of the 5 witnesses on the dates noticed.

*4. Plaintiffs' Objections To Discovery.*
Defendants served discovery on September 12, 2005 seeking basic information about the invention, the factual basis for Plaintiffs' infringement allegations, and the precise method for performing the test set forth in the patents. Plaintiffs refused to answer these interrogatories, and objected to many clearly relevant document requests. Plaintiffs have promised to supplement these deficient responses today.

---

[1] Plaintiffs argue below that Dr. Fergason is irrelevant because the '145 patent is not prior art. Yet, the '145 patent: (i) states that Dr. Fergason and others at National Starch engaged in work years <u>before</u> the filing date; and (ii) references testing and data of prior art starches. Defendants are entitled to discovery as to this 102(g) activity and to the testing of prior art.

The Honorable Gregory M. Sleet
January 6, 2006
Page 2

*5. Plaintiffs' Refusal To Provide Basic Case Information.*
It took Plaintiffs two months to respond to a request for identification of which named inventors are still employed by Plaintiffs.  Plaintiffs still have not responded to a similar request relating to inventors on a 102(g) prior art patent owned by one Plaintiff.

*6.  Completion Of Discovery.*
Defendants are concerned that Plaintiffs' delay in producing any meaningful discovery is an attempt to run out the discovery clock.  Defendants have tried many times to use cooperative means to get discovery from Plaintiffs, but to date have nothing of substance.  Defendants will work diligently to complete discovery, but may be forced to seek a small amount of additional time due to Plaintiffs' unwillingness to provide documents, samples, witnesses or interrogatory answers.

**PLAINTIFFS' ISSUES:**

*1.  Defendants' Failure to Produce Documents and Move the Case Forward*
Plaintiffs served the bulk of its document requests on defendants on November 4, 2005.  Defendants did not produce a single document in response to those requests until today, January 6, 2006, over two months later.  The documents that defendants produced today, however, were extremely limited and directed only to two of defendants' four witnesses who are being deposed next week in Minnesota.  Indeed, this limited, last-minute production of documents was only made in response to plaintiffs statement that it could not proceed with the depositions next week unless defendants produced documents relating to the witnesses.  Defendants still have not provided any documents in response to the vast majority of plaintiffs' long-outstanding requests.

Plaintiffs have begun their production of documents and additional samples in response to defendants' requests today, and will continue that production on a rolling basis.  Plaintiffs expect to complete production of the bulk of their responsive documents by next week.

While defendants complain that they were not provided with a Rule 30(b)(6) witness in response to their notice, they fail to note that their notice was served on December 15, 2005 and touches virtually every issue in the case in its twenty-six categories.  Thus, particularly given the holidays, it was impossible to prepare a witness to testify about all of those categories by the January 4, 2006 date noticed for that deposition.  Moreover, defendants have not provided any witnesses in response to plaintiffs' two, outstanding Rule 30(b)(6) notices.

Finally, plaintiffs note that discovery proceeded slowly initially as each side attempted to reach a business settlement.  That process broke down after the December 9 mediation conference before Judge Thynge.  At the close of that conference, defendants informed the court and plaintiffs that they would let them know by December 15 if they had a settlement position on a business level.  However, defendants later sent an e-mail to the court and plaintiffs stating that they could not provide an answer on that settlement issue until January 27, 2006.

*2.  Defendants' Seeking Discovery On Irrelevant Patents, Which Are Not Part of This Lawsuit*
Defendants are seeking discovery regarding many patents that are not relevant and not even part of this lawsuit, including National Starch's U.S. Patent No. 5,300,145 ("the '145 patent").  During prosecution of one of the patents-in-suit, the '840 patent, the applicants requested that the Patent Office declare an interference between the '840 patent application and claims in the '145 patent.  After considering that request for two years, the Patent Office did not agree with it, instead allowing the '840 patent to issue.  Despite that public record, defendants are seeking discovery regarding the '145 patent, including depositions of the named inventors.  The deposition that defendants complain was canceled is that of one of the named inventors of the '145 patent, Dr. Fergason.  Plaintiffs properly object to discovery on the '145 patent as an irrelevant fishing expedition concerning National Starch technology that is not a issue in this case.  Indeed, the Patent Office already has determined that the '145 patent is not prior art to the patents in suit, by dint of rejecting the request for an interference between the '840 patent application and the '145 patent.

The Honorable Gregory M. Sleet
January 6, 2006
Page 3

Respectfully,

*/s/ Thomas L. Halkowski*

Thomas L. Halkowski

TLH:sb

cc   Clerk of Court
     Josy W. Ingersoll (via ECF and hand delivery)

80029319.doc