IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NATIONAL STARCH AND CHEMICAL
INVESTMENT HOLDING
CORPORATION, PENFORD
AUSTRALIA LTD, and PENFORD
HOLDINGS PTY,

                Plaintiffs,

     v.

CARGILL, INC. and
MGP INGREDIENTS, INC.,

             Defendants.

C.A. No. 04-1443-GMS

**DEFENDANTS CARGILL, INC. AND MGP INGREDIENTS, INC.'S
*OPENING* BRIEF IN SUPPORT OF
THEIR MOTION FOR LEAVE TO FILE
<u>FIRST AMENDED ANSWERS AND COUNTERCLAIMS</u>**

**FISH & RICHARDSON P.C.**
Thomas L. Halkowski (#4099)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

*Attorney for Defendants
Cargill, Inc. and MGP Ingredients, Inc.*

DATED: February 1, 2006

# TABLE OF CONTENTS

**Page**

I. NATURE AND STAGE OF PROCEEDINGS .......................................................... 1

II. SUMMARY OF ARGUMENT .............................................................................. 1

III. STATEMENT OF FACTS .................................................................................... 2

IV. ARGUMENT ........................................................................................................ 3

    A.    Leave to Amend Pleadings is Freely Given ................................................. 3

    B.    Cargill's Good Faith Effort to Amend Will Not Unduly
        Prejudice National Starch ........................................................................... 4

V. CONCLUSION ..................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Bechtel v. Robinson*,
  886 F.2d 644 (3d Cir. 1989)................................................................3, 4

*Burlington Coat Factory Securities Lit.*,
  114 F.3d 1410 (3d Cir. 1997)................................................................3

*Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.*,
  668 F. Supp. 906 (D. Del. 1987)................................................................4

*Jenn-Air Corp. v. Modern Maid Co.*,
  499 F. Supp. 320 (D. Del. 1980),
  *aff'd mem.*, 659 F.2d 1068 (3d Cir. 1981)................................................5

*Kiser v. General Electric Corp.*,
  831 F.2d 423 (3d Cir.1987)................................................................4

*Lorenz v. CSX Corp.*,
  1 F.3d 1406 (3d Cir. 1993)................................................................4

## FEDERAL STATUTES

Fed. R. Civ. P. 15(a) ................................................................3

## I.    NATURE AND STAGE OF PROCEEDINGS

Plaintiffs National Starch and Chemical Investment Holding Corp., Penford Australia Ltd., and Penford Holdings Pty (collectively, "Plaintiffs") sued Defendants Cargill, Inc. and MPG Ingredients, Inc. (collectively, "Defendants") for infringement of U.S. Patent Nos. 5,977,454 (the "'454 patent") and 6,409,840 (the "'840 patent"). The '454 patent generally concerns corn seed containing a recessive amylose extender gene and having an "amylose content" of greater than 80% or more by weight. The '840 patent generally concerns corn starch having an "apparent amylose content" greater than 90.1%. The Court issued a *Markman* ruling on January 17, 2006, wherein the terms "apparent amylose" and "amylose content" were construed. In mid-January, Plaintiffs first began producing documents, in response to Defendants' September 12, 2005, requests for production of documents and things. A review of the recently produced materials revealed that the '454 and '840 patents are unenforceable and that Plaintiffs' conduct constitutes unfair competition. Defendants, therefore, submit this opening brief in support of their motion seeking leave to file amended answers and counterclaims.

## II.    SUMMARY OF ARGUMENT

1.    Plaintiffs delayed in disclosing highly material documents in response to Defendants' discovery requests. These highly material documents included Laboratory Studies of the subject matter disclosed in the patents in suit. The Laboratory Studies reveal that the method set forth in the patents in suit was unreliable and produced substantially inflated results. The Laboratory Studies, thus, would have affected the patentability of the subject matter. Although Plaintiffs had these material documents prior to, and during, prosecution of the patents in suit, Plaintiffs failed to disclose them to the U.S. Patent and Trademark Office. The patents were, therefore, obtained by inequitable conduct and/or fraud.

2.      Leave to amend a party's pleading is to be freely granted where there has been no undue delay and there is no undue prejudice to the non-moving parties.  Defendants promptly filed this motion to amend their Answers and Counterclaims upon review of National Starch's recently produced materials.  Given that the additional defenses and counterclaims in the amended pleadings are based upon facts and circumstances evidenced in Plaintiffs' own records, the proposed amendments present no undue prejudice to Plaintiffs.

3.      Defendants have set forth their proposed amendments to their Answers and Counterclaims in the blacklined versions attached hereto pursuant to Del. L.R. 15.  As can be seen from the Amended Answers and Counterclaims, Defendants seek to amend their Answers and Counterclaims in two primary respects: (1) to plead an affirmative defense and counterclaim of unenforceability as a result of the patents in suit being procured through inequitable conduct and/or fraud; and (2) to plead unfair competition counterclaims arising from the Plaintiffs' bringing suit in bad faith and despite knowing that the patents in suit are invalid, unenforceable, and/or not infringed by any act of either Defendant.

## III.    STATEMENT OF FACTS

The Court's *Markman* ruling on January 17, 2006, construed the terms "apparent amylose content" and "amylose content" as being the amount of amylose as determined by the Blue Value method described in column 3, line 6 through column 4, line 7 of the '840 patent, or column 3, line 8 through column 4, line 11 of the '454 patent.  The methods described in the '840 and '454 patents at these sections is identical.

Defendants served their second set of requests for production of documents on September 12, 2005.  Included in these requests were Request No. 86, which sought all research and development documents and things concerning the subject matter disclosed in the '840 and '454

patents.  Defendants did not receive such documents from Plaintiffs until January 16, 2006, when

Plaintiffs produced over 7,000 documents.

Defendants promptly reviewed these documents and discovered highly relevant material,

namely studies conducted by Fielder Gillespie Davis Limited, Goodman Fielder Mills Limited,

and Starch Australasia Limited ("the Laboratory Studies") which examined the subject matter

disclosed and claimed in the '840 and '454 patents.  The Laboratory Studies were conducted

between 1988 and 1997, which is both before and during the prosecution of the patents in suit.

The Studies plainly evidence that the testing method set forth in the patents in suit is wholly

unreliable and produces substantially inflated results.  The Laboratory Studies, therefore, were

materials that an examiner at the U.S. Patent and Trademark Office would find relevant when

assessing the patentability of the applications that became the '840 and '454 patents.  None of

the Studies, however, were disclosed to the U.S. Patent and Trademark Office.

As a result of discovering the Laboratory Studies, Defendants seek to amend their

Answers and Counterclaims to include: (1) an unenforceability affirmative defense and

counterclaim; and (2) unfair competition counterclaims based on federal and state law.

IV.     ARGUMENT

        A.      **Leave to Amend Pleadings is Freely Given**

        Fed. R. Civ. P. 15(a) states that leave to amend shall be "freely given when justice so

requires."  *Burlington Coat Factory Securities Lit.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  The

Third Circuit treats Rule 15(a) motions generously as "courts have shown a strong liberality in

allowing amendments under Rule 15(a).  *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)

(citations omitted).  "In the absence of any apparent or declared reason . . . the leave should, as

the rules require, be freely given." *Id.*; *Kalman v. Berlyn Corp.*, 914 F.2d 1473, 1479 (Fed. Cir. 1990).

Denial of leave to amend is primarily limited to situations where the non-moving party will be substantially prejudiced by the amendment.  "Prejudice to the non-moving party is the touchstone for the denial of an amendment."  *Bechtel*, 886 F.2d at 652; *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993).  The burden to show prejudice rests on the non-moving party.  *Kiser v. General Electric Corp.*, 831 F.2d 423, 428 (3d Cir.1987); *See also Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.*, 668 F. Supp. 906, 921-22 (D. Del. 1987) (finding that conclusory allegations of prejudice will not suffice to defeat a motion to amend).  It requires that "the non-moving party must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely."  *Bechtel*, 886 F.2d at 652 (internal quotations omitted).  Where no prejudice exists, "denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment."  *Lorenz*, 1 F.3d at 1414.

## B. Defendants' Good Faith Effort to Amend Will Not Unduly Prejudice Plaintiffs

Defendants seek leave to amend their Answers and Counterclaims to assert that the patents in suit were obtained through inequitable conduct because, *inter alia*, Plaintiffs failed to submit highly material Laboratory Studies which examined the subject matter disclosed and claimed in the '840 and '454 patents.  These Studies provide clear and convincing evidence that would have affected the patentability of the applications that became the '840 and '454 patents.

4

Similarly, Defendants seek leave to assert counterclaims for unfair competition by bringing and maintaining this action in bad faith and despite knowing that the '454 and '840 patents are invalid and/or unenforceable, and/or not infringed by an act of either Defendant. This Court has recognized bad faith assertions of patent infringement as the basis for a cause of action for unfair competition. *See Jenn-Air Corp. v. Modern Maid Co.*, 499 F. Supp. 320, 333-34 (D. Del. 1980) (denying motion for judgment on the pleadings with respect to a counterclaim alleging unfair competition based on plaintiff's pursuit of infringement action despite knowledge that the patent was invalid), *aff'd mem.*, 659 F.2d 1068 (3d Cir. 1981).

All of the amendments sought by Defendants concern evidence that is completely within the custody and control of Plaintiffs. Given Plaintiffs' unfettered access to such materials, not to mention its presumed knowledge of these highly-relevant materials, no undue prejudice would occur by granting Defendants' motion for leave to amend. Moreover, to the extent Plaintiffs now attempt to present any claim of prejudice, they have only themselves to blame. Had Plaintiffs timely produced the documents requested by Defendants over four months ago in September, Defendants would have learned much earlier of the highly-material Laboratory Studies and would have been in position to seek amendment of its pleading long ago. Thus, Plaintiffs' approach of waiting until mid-January to produce highly-relevant materials should not preclude Defendants' ability to plead and develop discovery related to an issue that is potentially dispositive of this case.

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request leave to amend their Answers and Counterclaims to: (1) assert an affirmative defense and counterclaim of unenforceability because the '454 and '840 patents were procured by inequitable conduct and/or fraud; and (2)

assert federal and state counterclaims for unfair competition by bringing and maintaining this

action in bad faith and despite the fact that it knew, or should have known, that the '454 and '840

patents are invalid, unenforceable, and/or not infringed by any act of either Defendant.

Dated:  February 1, 2006                 FISH & RICHARDSON P.C.


                              By:  /s/ *Thomas L. Halkowski*
                                       Thomas L.  Halkowski (#4099)
                                       919 N. Market Street, Suite 1100
                                       P.O. Box 1114
                                       Wilmington, DE 19899-1114
                                       Telephone:  (302) 652-5070
                                       Facsimile:  (302) 652-0607

                              Attorney for Defendants
                              Cargill, Incorporated and MGP Ingredients, Inc.

## <u>RULE 7.1.1 CERTIFICATION</u>

Pursuant to D. Del. L.R. 7.1.1., counsel for Defendants approached Plaintiffs and requested that Plaintiffs consent to our request to file amended pleadings.  Plaintiffs declined to do so, citing a need to receive and then review and assess our motion.  Counsel for Defendants will promptly advise the Court if Plaintiffs subsequently notify the Defendants that Plaintiffs will not oppose this motion to amend.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 1, 2006, I electronically filed with the Clerk of Court

**DEFENDANTS CARGILL, INC. AND MGP INGREDIENTS, INC.'S OPENING BRIEF**

**IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE FIRST AMENDED**

**ANSWERS AND COUNTERCLAIMS** using CM/ECF which will send electronic notification

of such filing(s) to the following Delaware counsel.  In addition, the filing will also be sent via

hand delivery:

Josy W. Ingersoll                              *Attorneys for Plaintiffs*
Karen E. Keller                                *National Starch and Chemical*
Young Conaway Stargatt & Taylor, LLP           *Investment Holding Corporation,*
The Brandywine Building, 17th Floor            *Penford Australia Ltd., and Penford*
1000 West Street                               *Holding Pty*
P.O. Box 391
Wilmington, DE  19899-0391


I hereby certify that on February 1, 2006, I mailed via Federal Express, the document to

the following:

Richard L. DeLucia                             *Attorneys for Plaintiffs*
Paul M. Richter, Jr.                           *National Starch & Chemical Investment*
Jerry Canada                                   *Holding Corporation, Penford Australia*
Kenyon & Kenyon LLP                            *Ltd., and Penford Holding Pty*
One Broadway
New York, NY 10004



                                        */s/ Thomas L. Halkowski*
                                        Thomas L.  Halkowski

80029972.doc