# Fish & Richardson p.c.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Suite 1100
919 N. Market Street
p.o. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

February 13, 2006

**VIA ECF**
The Honorable Gregory M. Sleet
United States District Court
   for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re:     *National Starch and Chemical v. Cargill, Inc.*
        USDC-D. Del. - C.A. No. 04-1443-GMS

Dear Judge Sleet:

Defendants, Cargill and MGPI, offer this response to Plaintiffs' letter of February 9, 2006 (D.I. 88), regarding a purported need for extensive additional discovery to address the two related claims that Defendants seek to add to this suit to address Plaintiffs' inequitable conduct and unfair competition—both of which claims are based upon Plaintiffs' own documents which were revealed just a few weeks ago.

Plaintiffs' recent letter to the Court is a transparent attempt to extend the discovery schedule in hopes of precluding the filing of summary judgment motions. This approach would allow Plaintiffs to proceed to trial without any risk of an adverse summary ruling by the Court based upon indisputable facts which have recently emerged from Plaintiffs' own documents. These facts demonstrate the patents in this suit are invalid, and also call into serious question any basis for Plaintiffs' pursuit of this action. Defendants' forthcoming reply brief will address some of these facts as part of the merits of Defendants' motion to add a claim for inequitable conduct. This letter, however, focuses on the three reasons for disregarding Plaintiffs' complaints that more discovery is needed.

First, the claims Defendants seek to add are each based upon Plaintiffs' failure to disclose, *inter alia*, laboratory studies within Plaintiffs' possession. All the evidence relating to the merits of such claims concerns Plaintiffs' own actions and documents that are within Plaintiffs' possession. Moreover, the damages caused by Plaintiffs' unfair competition are simply Defendants' attorneys fees. Thus, no need exists for any additional discovery of either the merits or damages.

Second, Plaintiffs carp about the need for extensive additional fact discovery, yet, fail to identify even *one* additional deposition that they would need to take as a consequence the Defendants' inequitable conduct and unfair competition claims. Similarly, Plaintiffs complain about needing to find "new experts," but provide no explanation of the issues for which any such "new experts" are needed. In truth, the

FISH & RICHARDSON P.C.

The Honorable Gregory M. Sleet
February 13, 2006
Page 2

validity issue at the root of Defendants' claims will simply be addressed as part of the reports presented by the technical experts who will be opining with regard to all the other validity issues faced by the patents-in-suit.

Third, Defendants are proceeding to complete discovery as rapidly as Plaintiffs have produced the requested witnesses. While several of these witnesses have been scheduled by agreement after February 15, 2006 (due to international travel or other scheduling issues), Defendants have no doubt that discovery will be completed in ample time to prepare pertinent motions for summary judgment—as long as Plaintiffs promptly produce the witnesses requested by Defendants, including corporate 30(b)(6) deponents sought by Defendants since mid-December.

Thus, Defendants respectfully submit that no need exists for extensive adjustments to the schedule for this matter. However, to generally allow the parties to better frame the issues regarding this matter, Defendants would not object to a slight adjustment of the remaining deadlines in this matter by a couple of weeks—but, only if any such slight adjustment would still allow the Court sufficient time to address certain critical issues that Defendant anticipates presenting in the form of a summary judgment motion.

Respectfully,

/s/ *Thomas L. Halkowski*

Thomas L. Halkowski

TLH/sb

cc   Josy W. Ingersoll (via ECF and hand delivery)
     Richard L. DeLucia (via e-mail)

80030266.doc