# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------x
                                              :
National Starch and Chemical Investment       :
Holding Corporation,                           :
Penford Australia Ltd., and                    :
Penford Holdings Pty.,                         :
                                              :
                          Plaintiffs,          :
                                              :
              v.                               :        Civil Action No. 1:04-cv-1443
                                              :
Cargill Corporation and                        :
MGP Ingredients, Inc.                          :
                          Defendants.          :
                                              :
------------------------------------------------------------x
```

## STIPULATION AND PROTECTIVE ORDER

WHEREAS, each of the parties to the above captioned action (the "Action") may seek discovery of documents, information or other materials which may contain or relate to confidential, proprietary or trade secret information of another party or of a third party;

IT IS HEREBY STIPULATED between the parties, and subject to the Court's approval, as follows:

1.      "Confidential Information" shall mean and include any document (whether in hard copy or computer readable form), thing, deposition testimony, interrogatory answers, responses to requests for admissions and/or production, or other information provided in discovery in this Action ("Discovery Material"), which contains non-public, confidential or proprietary information, whether personal or business-related.  Certain limited types of "Confidential Information" may be further designated, as defined and detailed below, as "Highly

Confidential." The "Highly Confidential" designation shall be reserved for Confidential

Information that constitutes, reflects, or concerns trade secrets, know-how or proprietary data,

business, financial or commercial information, the disclosure of which is likely to cause harm to

the competitive position of the party making the confidential designations on Discovery Material

("the Designating Party"). All such Confidential or Highly Confidential designations shall be

made in good faith by the Designating Party and made at the time of disclosure, production, or

tender to the party receiving the same ("Receiving Party"), or at such other time as permitted by

this Protective Order, provided that the inadvertent failure to so designate does not constitute a

waiver of such claim, and a party may so designate Discovery Material after such Discovery

Material has been produced, with the effect that such Discovery Material is retroactively subject

to the protections of this Protective Order from the time of its production. Designations of

Confidential and Highly Confidential shall constitute a representation that such Discovery

Material has been reviewed by an attorney for the Designating Party and that there is a valid

basis for such designation.

2.      The designation of Discovery Material in the form of documents, responses to

admissions and interrogatories, or other tangible materials (including, without limitation, CD-

ROMs and tapes) other than depositions or other pretrial testimony as Confidential or Highly

Confidential shall be made by the Designating Party in the following manner:

a.      Documents designated "Confidential" shall be so marked by

conspicuously affixing the legend "CONFIDENTIAL PURSUANT TO PROTECTIVE

ORDER" or similar designation on each page containing any Confidential Information (or in the

case of computer medium on the medium and its label and/or cover) to which the designation

applies. Such designated Discovery Material shall, to the extent practical, be identified by

production number.  To the extent practical, the Confidential legend shall be placed near the production number.

      b.    Documents designated "Highly Confidential" shall be so marked by conspicuously affixing the legend "HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or similar designation on each page containing any Highly Confidential Information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies.  Such designated Discovery Material shall, to the extent practical, be identified by production number.  To the extent practical, the Highly Confidential legend shall be placed near the production number.

      c.    The parties agree that certain documents may be designated "Confidential—Outside Counsel Only" shall be so marked by conspicuously affixing the legend "CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY PURSUANT TO PROTECTIVE ORDER" or similar designation on each page.  Such designated Discovery Material shall, to the extent practical, be identified by production number.  To the extent practical, the Highly Confidential Outside Counsel Eyes Only legend shall be placed near the production number.

      d.    If a document has more than one designation, the more restrictive or higher confidential designation applies.

3.    Confidential Information and Highly Confidential Information shall not include any Discovery Materials which:

      a.    Have been or become lawfully in the possession of the Receiving Party through communications other than production or disclosure in this Action, or in other litigation, for example, as a result of legitimate business dealings between the parties, unless those documents are covered by a separate non-disclosure or confidentiality agreement, in which case

-3-

the Receiving Party may continue to use such documents in the course of its business subject to those agreements; or

        b.      Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party or any of its authorized representatives or designees under this Protective Order. Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information.

      4.      Subject to paragraphs 5, 6, 7, 8, and 9 of this Protective Order, "Qualified Persons" having access to Discovery Material designated "Confidential Information" under this Protective Order, in this Action are:

        a.      Fish & Richardson, P.C., P.A., attorneys of record for defendants Cargill Corporation and MGP Ingredients, Inc. (collectively "defendants"), and their stenographic, clerical and paralegal employees whose duties and responsibilities require access to such materials;

        b.      Young, Conaway, Stargatt & Taylor, LLP and Kenyon & Kenyon, attorneys of record for plaintiffs National Starch and Chemical Investment Holding Corporation, Penford Australia LTd., and Penford Holdings Pty., (collectively "plaintiffs"), and their stenographic, clerical and paralegal employees whose duties and responsibilities require access to such materials;

        c.      For each side, a total of four in-house employees, whose names are listed below and who have responsibility for maintaining, defending or evaluating this litigation, as well as their secretaries, paralegals and other support personnel. For purposes of this paragraph and paragraph 5(a), plaintiffs will be considered to be a single side/party. For purposes of this paragraph and paragraph 5(a), defendants will be considered to be a single side/party.

The approved in-house employees are as follows:

|         | Plaintiffs | Defendants |
|---------|------------|------------|
| Name Title |        |            |
| Name Title |        |            |
| Name Title |        |            |
| Name Title |        |            |
| Name Title |        |            |
| Name Title |        |            |
| Name Title |        |            |
| Name Title |        |            |

The parties may identify additional in-house employees for inclusion on this list (up to four (4) employees, as provided above) following execution of this Protective Order by providing written notice of the names of the additional in-house employees to the other party pursuant to Paragraph 6. The parties to this Action may substitute in-house employees for good cause shown.

        d.     Retained independent consultants, vendors or experts for plaintiffs or defendants (as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials) who are not current employees of any party to this litigation, or any direct competitor of any party to this litigation;

e.     the authors, senders, addressees, and intended copy recipients of such Confidential Information and employees of the Producing Party;

f.     The Court, Court personnel and stenographic and video reporters engaged in proceedings incident to this Action; and

g.     Outside document copying services (e.g., Ikon, Xerox), and/or document coding or computerization services (e.g., Quorum/Lanier). Notwithstanding any other provision of this protective order, access to Confidential and Highly Confidential documents shall be permitted to such vendors, without need for the completion of Exhibit A or the execution of Exhibit B. For purposes of this paragraph 4(g), "document" refers to paper documents, video tapes, CD-ROMs, computer discs, and other similar media. The outside counsel providing Confidential or Highly Confidential documents to outside document copying services or document coding or computerization services shall be responsible for that service's compliance with the provisions of this Protective Order.

5.     Any Highly Confidential Information designated under this Protective Order shall be treated the same as Confidential Information, with the following exceptions:

a.     There shall be no access by Qualified Persons pursuant to paragraph 4(c) to Highly Confidential Information, except that, for each side, two in-house attorneys employed in the patent or legal department of the party or its affiliate whose names are listed below and who are also listed in paragraph 4(c), may have access to material designated as Highly Confidential:

| | Plaintiffs | Defendants |
|---|---|---|
| Name | | |
| Name | | |

The parties may identify additional in-house attorneys for inclusion on this list (up to two (2) in-house attorneys, as provided above) following execution of this Protective Order by providing written notice of the names of the additional in-house attorneys to the other parties pursuant to Paragraph 6. The parties to this Action may substitute in-house attorneys for good cause shown.

6.     Qualified Persons defined in paragraphs 4(c) or 4(d) shall be allowed access to Confidential Information or Highly Confidential Information as limited by paragraphs 5 and 8 of this Protective Order, only after complying with the following procedure:

a.     Each party shall prepare a written list, in a form similar to Exhibit A hereto, setting forth the name of the person, his or her occupation, and business address, for each person described in paragraphs 4(c) and 4(d) who reviews or is given access to Confidential Information or Highly Confidential Information. The parties to this Action shall be allowed to disclose Confidential Information or Highly Confidential Information to such persons unless, within five (5) business days after the identity of the person (and, for paragraphs 4(d), a curriculum vitae of the retained person) has been provided to the Designating Party, the Designating Party objects in good faith to the disclosure of Confidential Information or Highly Confidential Information to the particular person. If objection to disclosure is made within the five (5) business days, the objecting party shall, no later than five (5) business days after objection, petition the Court for an order prohibiting the disclosure at issue. The objecting party shall have the burden of persuasion that disclosure should not be made. If an objection is made, no Confidential Information or Highly Confidential Information shall be made available to the person objected to unless the Court rules that disclosure can be made, so long as the objection is followed by a timely petition.

b.     Before receiving any Confidential Information or Highly Confidential Information the person shall be furnished with a copy of this Protective Order and shall

acknowledge, by executing the acknowledgment form attached hereto as Exhibit B, that he or she has read this Protective Order, understands it, and agrees to be bound by it, and also expressly consents to the jurisdiction of this Court in connection with any proceeding or hearing relating to the enforcement of this Protective Order.  In-house attorneys authorized to receive Confidential Information or Highly Confidential Information shall not be required to execute the acknowledgment form, but shall otherwise be bound by its terms.

   c. Outside counsel for each Receiving Party shall retain a copy of each such written list (Exhibit A) and acknowledgment form (Exhibit B), and shall serve opposing counsel with a copy of such upon execution and thereafter upon revision of such documents.

   7. Protected Information designated as "CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY PURSUANT TO PROTECTIVE ORDER" shall not be disclosed or made available by a receiving party to persons other than the Qualified Persons listed in paragraph 4 (a), (b), (d), (e), (f), and (g).  No persons in listed in paragraph 4 (c) and paragraph 5(a) shall have access to "CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY" information.

   8. Confidential Information or Highly Confidential Information and the substance or content thereof, including any notes, memoranda or other similar documents relating thereto, shall be used by a Receiving Party and its authorized representatives or designees under this Protective Order solely for the purpose of this Action and any appeals therefrom, and shall not be made available, or disclosed, or summarized to any persons, including the parties, other than as permitted by paragraphs 4-8 of this Protective Order.  Confidential Information or Highly Confidential Information  shall be maintained by the Receiving Party under the overall supervision of outside counsel.

9.      Any person in possession of Confidential Information or Highly Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Information or Highly Confidential Information in order to ensure that the confidential or highly confidential nature of the same is maintained.

10.     If Confidential Information or Highly Confidential Information is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party of the Confidential Information or Highly Confidential Information and make every reasonable effort to retrieve such Confidential or Highly Confidential Information and to prevent further disclosure.

11.     When Confidential Information or Highly Confidential Information is discussed, quoted or referred to in any deposition, the disclosing party shall ensure that only persons permitted by paragraphs 4-8 of this Protective Order to have access to such Information are present. The use of any such Confidential or Highly Confidential Information for the purpose of any hearing or trial which is open to the public is not addressed at this time, but will be the subject of future agreements or orders as the need may arise.

12.     During the course of preparing for a deposition or testimony, a fact deponent/witness may be shown Confidential Information or Highly Confidential Information from another party's documents strictly limited to those documents which on their face reveal that they were authored or received in the normal course of business by the deponent/witness. Use of Confidential Information or Highly Confidential Information during a deposition shall be subject to compliance with this Order.

13.    Any deposition transcript containing Confidential Information or Highly Confidential Information shall be marked on the cover as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER," as appropriate, and shall indicate as appropriate within the transcript what information has been so designated.  Whenever possible, the stenographic reporter shall be requested prior to the deposition (where the attorneys have reason to believe the testimony will contain Confidential or Highly Confidential Information) or when the Confidential or Highly Confidential Information is disclosed (when not previously anticipated) to separate those portions of the transcript containing confidential information and separately bind it from the non-confidential portions.  However, a party may designate any portion or all (if appropriate) of the transcript as containing Confidential or Highly Confidential Information by so advising, with reasonable precision as to the affected testimony, the deposition reporter, who shall accordingly indicate in the deposition transcript what portion(s) of the testimony (or exhibits thereto) were so designated, or by so advising all other parties in writing, and with page and line designations, within thirty (30) business days after receipt of the transcript.  Until thirty (30) business days have passed after the receipt of any transcript, that entire transcript shall be deemed to be Highly Confidential unless a prior confidentiality designation has been made.  In the event of disagreement about the confidential status of a deposition transcript, it shall continue to be treated as "Highly Confidential" or "Confidential," whichever protection is being sought, until this Court rules otherwise.

14.    Any pleading, paper or other document filed in this action which contains or discloses Confidential or Highly Confidential Information shall be filed under seal and shall be maintained under seal according to the terms of this Protective Order or as otherwise determined by the Court.  When filing pleadings which contain Confidential or Highly Confidential

Information, the party so filing shall designate the following on the first page of filed documents: "UNDER SEAL - SUBJECT TO PROTECTIVE ORDER - CONTAINS CONFIDENTIAL OR HIGHLY CONFIDENTIAL MATERIAL" and shall otherwise comply with the Court's order on the subject.

15.    Entering into, agreeing to and/or producing or receiving Confidential or Highly Confidential Information, or otherwise complying with the terms of this Protective Order shall not:

a.    Operate as an admission by any party that any Discovery Material designated as Confidential or Highly Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

b.    Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential or Highly Confidential Information;

c.    Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Protective Order;

d.    Prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material or Confidential or Highly Confidential Information should be subject to the terms of this Protective Order;

e.    Prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly Confidential or Highly Confidential Information;

f.    Prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular Confidential or Highly Confidential Information more broadly than would otherwise be permitted by the terms of this Protective Order; or

g.    Prevent any Designating Party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material designated as Confidential or Highly Confidential Information by that party.

16.    The signing of this Protective Order or failure of a party, at the time it receives Discovery Materials designated as Confidential Information or  Highly Confidential Information, to challenge or object to the Confidential or Highly Confidential Information designations shall not be deemed a waiver of its right to challenge or object to the Confidential or Highly Confidential Information designations at any later time.  Any party may at any time challenge the designation of any Discovery Materials as Confidential or Highly Confidential Information and may request permission to use or disclose information with Confidential or Highly Confidential designations other than as permitted, pursuant to this paragraph by serving (by facsimile transmission) a written request upon counsel for the Designating Party at least ten (10) business days before the date of the proposed disclosure and by providing telephonic notice of such request on the same date as the facsimile is transmitted.  Such request shall specifically identify the Confidential or Highly Confidential Information, including production numbers, sought to be disclosed and the name, title and function of the person to whom disclosure is desired to be made.  The Designating Party shall thereafter respond to the request in writing within ten (10) business days after receipt of same.  Absent good cause shown, a failure to respond within such time shall constitute consent to the request.  If, where consent has been withheld, the parties are subsequently unable to agree on the terms and conditions of disclosure, the matter may be

submitted to the Court for resolution by the party seeking disclosure.  Disclosure shall be

postponed until a ruling has been obtained from the Court.

17.    Notwithstanding any default provisions of this Protective Order providing for

confidential treatment, in the event of disagreement, the party asserting confidentiality shall have

the burden of proving that the information at issue is entitled to the protection of this Protective

Order.

18.    All provisions of this Protective Order restricting the use of information obtained

during discovery shall continue to be binding on the parties and all persons who have received

information under this Protective Order, after the conclusion of this action, including all appeals,

until further Order of the Court, unless the parties agree otherwise in writing.  Any and all

originals and copies of Discovery Materials designated Confidential or Highly Confidential,

shall, at the request of the producing party, be returned to the party within sixty (60) days after a

final judgment herein, the mandate has issued in the case of an appeal, or settlement of this

Action, or, at the option of the producing party, destroyed in that time frame, except that outside

counsel for each party may maintain in its files one copy of each pleading filed with the Court,

each deposition transcript together with the exhibits marked at the deposition, and documents

constituting work product which were internally generated based upon or which include

Confidential or Highly Confidential Information.  In the event that outside counsel maintains

such documents, it shall not disclose material containing any type of Confidential or Highly

Confidential Information to another person  absent subpoena or court order.  Upon receipt of any

subpoena for such information, the party receiving the subpoena shall immediately notify outside

counsel for the Designating Party of the subpoena so that the latter may protect its interests.  In

the event that documents are returned to or destroyed at the request of the producing party, the

other party or its outside counsel shall certify in writing that all such documents have been returned or destroyed, as the case may be.

19.    The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the producing party shall immediately notify Receiving Party in writing when inadvertent production is discovered.  Upon receiving written notice from the Producing Party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be kept by counsel for the Receiving Party and counsel shall not use such information for any purpose other than to obtain an order from the Court determining its disposition.  If the parties disagree about the disposition of such material after conferring in good faith, then either side may move the Court for a resolution of the dispute.  Any analyses, memoranda or notes which were internally generated based upon such inadvertently-produced information shall immediately be treated in conformance with the protected nature of the information.

20.    Any violation of the terms of this Protective Order shall be punishable by such relief as deemed appropriate by the Court.

21.    Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

22.     Third parties who produce information in this Action may avail themselves of the provisions of this Protective Order and Discovery Material produced by third parties shall be treated by the parties in conformance with this Protective Order.

23.     The references to "Plaintiffs" and "Defendants" in this Protective Order are for convenience and are of no significance for other purposes, including, for example, determining trial presentation order.

24.     The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order.

AGREED:

_____
YOUNG, CONAWAY,
STARGATT & TAYLOR, LLP

     Josy W. Ingersoll (ID #1088)
     John W. Shaw (ID #3362)
     The Brandywine Building
     1000 West St.
     Wilmington, Delaware 19801
     (302) 571-6672

     *Attorneys for Plaintiffs*
     *National Starch and Penford*


     *Of Counsel:*
     Richard L. DeLucia
     Paul M. Richter, Jr.
     Jerry Canada
     KENYON & KENYON
     One Broadway
     New York, New York 10004-1050
     (212) 425-7200

_____ (4557) for Tom Halkoski
FISH & RICHARDSON, P.C., P.A.

     Thomas L. Halkowski (#4099)
     919 N. Market Street, Suite 1100
     P.O. Box 1114
     Wilmington, DE 19899-1114
     (302) 652-5070

     *Attorney for Defendant*
     *Cargill, Inc. and MGP Ingredients, Inc.*

     *Of Counsel:*
     Michael Florey
     Fish & Richardson, P.C., P.A.
     3300 Dain Rauscher Plaza
     60 South Street
     Minneapolis, MN 55402
     (612)335-5070

Dated:

SO ORDERED this _____ day of _____, 2005.


_____
Gregory M. Sleet, Judge

**EXHIBIT A**

LIST OF QUALIFIED PERSONS, paragraphs 4(c) and 4(d)

| NAME | BUSINESS ADDRESS | OCCUPATION/ TITLE | GOVERNING PARAGRAPH | DATE IDENTIFIED |
|------|------------------|-------------------|---------------------|-----------------|
|      |                  |                   |                     |                 |
|      |                  |                   |                     |                 |
|      |                  |                   |                     |                 |
|      |                  |                   |                     |                 |
|      |                  |                   |                     |                 |
|      |                  |                   |                     |                 |
|      |                  |                   |                     |                 |
|      |                  |                   |                     |                 |
|      |                  |                   |                     |                 |
|      |                  |                   |                     |                 |
|      |                  |                   |                     |                 |
|      |                  |                   |                     |                 |
|      |                  |                   |                     |                 |
|      |                  |                   |                     |                 |

**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------x
                                                           :
National Starch and Chemical Investment                    :
Holding Corporation,                                       :
Penford Australia Ltd., and                                :
Penford Holdings Pty.,                                     :
                                                           :
                        Plaintiffs,                        :
                                                           :
            v.                                             :    Civil Action No. 1:04-cv-1443
                                                           :
Cargill Corporation and                                    :
MGP Ingredients, Inc.                                      :
                        Defendants.                        :              :
-----------------------------------------------------------x
```

I hereby certify (i) my understanding that Discovery Material and/or Confidential and/or Highly Confidential Information are being provided to me pursuant to the terms and restrictions of the Protective Order (the "Order") entered by the United States District Court for the District of Delaware (the "District Court") in this Action, and (ii) that I have read the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the District Court for purposes of enforcement of the Order. I understand that violation of the Order may be punishable by contempt of Court.

Dated: _____       Signature: _____

                                      Name:      _____

                                      Address:   _____

                                                 _____

                                                 _____