# YOUNG CONAWAY STARGATT & TAYLOR, LLP

| | | | | |
|---|---|---|---|---|
| BRUCE M. STARGATT | NEILLI MULLEN WALSH | THE BRANDYWINE BUILDING | ATHANASIOS E. AGELAKOPOULOS | JOHN C. KUFFEL |
| BEN T. CASTLE | JANET Z. CHARLTON | 1000 WEST STREET, 17TH FLOOR | LISA A. ARMSTRONG | TIMOTHY E. LENGKEEK |
| SHELDON N. SANDLER | ROBERT S. BRADY | WILMINGTON, DELAWARE 19801 | GREGORY J. BABCOCK | ANDREW A. LUNDGREN |
| RICHARD A. LEVINE | JOEL A. WAITE | | JOSEPH M. BARRY | MATTHEW B. LUNN |
| RICHARD A. ZAPPA | BRENT C. SHAFFER | P.O. BOX 391 | SEAN M. BEACH | JOSEPH A. MALFITANO |
| FREDERICK W. IOBST | DANIEL P. JOHNSON | WILMINGTON, DELAWARE 19899-0391 | DONALD J. BOWMAN, JR. | ADRIA B. MARTINELLI |
| RICHARD H. MORSE | CRAIG D. GREAR | | TIMOTHY P. CAIRNS | MICHAEL W. MCDERMOTT |
| DAVID C. MCBRIDE | TIMOTHY JAY HOUSEAL | (302) 571-6600 | KARA HAMMOND COYLE | MARIBETH L. MINELLA |
| JOSEPH M. NICHOLSON | BRENDAN LINEHAN SHANNON | (800) 253-2234 (DE ONLY) | MARGARET M. DIBIANCA | EDMON L. MORTON |
| CRAIG A. KARSNITZ | MARTIN S. LESSNER | FAX: (302) 571-1253 | MARY F. DUGAN | D. FON MUTTAMARA-WALKER |
| BARRY M. WILLOUGHBY | PAULINE K. MORGAN | | ERIN EDWARDS | JENNIFER R. NOEL |
| JOSY W. INGERSOLL | C. BARR FLINN | | KENNETH J. ENOS | JULIE C. PANARO |
| ANTHONY G. FLYNN | NATALIE WOLF | | IAN S. FREDERICKS | ADAM W. POFF |
| JEROME K. GROSSMAN | LISA B. GOODMAN | | JAMES J. GALLAGHER | SETH J. REIDENBERG |
| EUGENE A. DIPRINZIO | JOHN W. SHAW | WWW.YOUNGCONAWAY.COM | SEAN T. GREECHER | MICHELE SHERRETTA |
| JAMES L. PATTON, JR. | JAMES P. HUGHES, JR. | | STEPHANIE L. HANSEN | MONTÉ T. SQUIRE |
| ROBERT L. THOMAS | EDWIN J. HARRON | DIRECT DIAL: (302) 571-6689 | DAWN M. JONES | MICHAEL P. STAFFORD |
| WILLIAM D. JOHNSTON | MICHAEL R. NESTOR | DIRECT FAX: (302) 576-3334 | RICHARD S. JULIE | CHAD S.C. STOVER (SC ONLY) |
| TIMOTHY J. SNYDER | MAUREEN D. LUKE | jshaw@ycst.com | KAREN E. KELLER | JOHN E. TRACEY |
| BRUCE L. SILVERSTEIN | ROLIN P. BISSELL | | JENNIFER M. KINKUS | MARGARET B. WHITEMAN |
| WILLIAM W. BOWSER | SCOTT A. HOLT | | EDWARD J. KOSMOWSKI | SHARON M. ZIEG |
| LARRY J. TARABICOS | JOHN T. DORSEY | | | |
| RICHARD A. DILIBERTO, JR. | M. BLAKE CLEARY | | SPECIAL COUNSEL | SENIOR COUNSEL |
| MELANIE K. SHARP | CHRISTIAN DOUGLAS WRIGHT | | JOHN D. MCLAUGHLIN, JR. | CURTIS J. CROWTHER |
| CASSANDRA F. ROBERTS | DANIELLE GIBBS | | ELENA C. NORMAN | |
| RICHARD J.A. POPPER | JOHN J. PASCHETTO | | KAREN L. PASCALE | OF COUNSEL |
| TERESA A. CHEEK | NORMAN M. POWELL | | PATRICIA A. WIDDOSS | STUART B. YOUNG |
| | | | | EDWARD B. MAXWELL, 2ND |

March 3, 2006

**BY CM/ECF**

The Honorable Gregory M. Sleet
United States District Court
844 King Street
Wilmington, DE 19801

      Re:    National Starch and Chemical Investment Holding Corporation,
               et al. v. Cargill, Inc., et al., C.A. No. 04-1443-GMS

Dear Judge Sleet:

      The parties in the above-referenced matter have met and discussed a proposed discovery schedule for Defendants' new counterclaims of inequitable conduct and unfair competition. The parties also discussed the scheduling of additional depositions in light of Defendants' recent production of documents. The parties, therefore, propose the following schedule:

1. Document requests and interrogatories regarding the counter claims shall be served by both parties by March 10, and responded to by March 30;

2. 30(b)(6) depositions and third party depositions to be completed by both parties on or before April 15;

3. Rebuttal expert report concerning inequitable conduct served by April 30, to the extent necessary (see below); and

4. Depositions of Mr. Tenbarge and Mr. Paoli to be completed on or before April 15 (Plaintiffs: Plaintiffs have agreed to limit the depositions to the 800 newly produced documents many of which are new documents that

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Gregory M. Sleet
March 3, 2006
Page 2

were never produced during the discovery periord. Plaintiffs object to identifying the documents that are going to be used during the depositions, because this would disclose Plaintiffs' litigation strategy. Plaintiffs do not agree that the depositions of Messrs. Tenbarge and Paoli be limited in time because Mr. Tenbarge has submitted an expert report and Mr. Paoli may be designated as a 30(b)(6) witness, both of which would require at least one day alone. Finally, Plaintiffs note that the cited deposition testimony by Defendants is simply misleading and that no such agreement was made.) (Defendants: First, as to identification of new and relevant materials, Defendants note that much of the "newly produced documents," in fact are simply duplicative of previously produced materials. Defendants do not wish to provide Plaintiffs with the opportunity to use these materials to re-open discovery on matters after-the-fact. Thus, Defendants previously requested, and Plaintiffs previously agreed[1] to advise of anything "relevant and new" that would require further deposition in the recently produced documents. We do not seek Defendants' litigation strategy -- rather, we merely seek advance notice of what is purportedly new so that we can timely have a meet and confer in order to avoid a re-opening of discovery regarding materials that have previously been produced. Indeed, when faced with Plaintiffs' failure to produce critical materials relevant to the Capatini deposition, Defendants specifically identified the materials and suggested either a stipulation or a brief deposition limited to those materials. We seek nothing more from Plaintiffs. Second, since Mr. Tenbarge will need to testify regarding his 4-page expert report and since Mr. Paoli will need to testify as to the 30(b)(6) deposition that Plaintiffs are requesting regarding the inequitable conduct and unfair competition claims, Defendants have requested that

---

[1] See Simpson Deposition Rough Transcript at pp. 119-120:

```
18            MR. HALKOWSKI: We will take your
19   request under advisement, happy to work with you in any
20   reasonable fashion that we can. It would be helpful to us
21   if you can identify anything within the documents that
22   have been produced that is relevant and new that was not
23   produce the previously that you would like to ask somebody
24   about.
25            MS. BERSH: And we will be happy to do
 1   that. We also reserve the right to re depose Mr. Simpson
 2   after we've had time to carefully review the documents
 3   that were produced last evening. And this conclusion my
 4   deposition.
```

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Gregory M. Sleet
March 3, 2006
Page 3

>these two depositons should be combined, respectfully, with the very limited depositions of Tenbarge and Paoli concerning the "newly produced" material. There appears to be no reason why each such deposition should need to take longer than one day -- particularly given that Mr. Tenbarge has already been deposed for two days, and Mr. Paoli has also been previously deposed.)

Finally, Plaintiffs wish to inform the Court that they have received an expert report from Defendants regarding inequitable conduct. Defendants' expert is a patent attorney and is scheduled to give an opinion concerning the alleged materiality of alleged prior art. However, Plaintiffs note that Defendants' expert is not an expert in the subject matter of the patents in suit. Further, the patent attorney expert opinion is unnecessary and will not assist the fact finder in weighing the materiality of asserted prior art. The fact finder here, as in other cases before this Court, is perfectly capable of weighing the evidence without guidance from any alleged expert patent attorney. In addition, other portions of the patent attorney's expert report offer an opinion on the patent system and practice before the U.S. Patent Office, this is duplicative and unnecessary in light of the Court's instructions. Finally, not once does the patent attorney discuss what one of ordinary skill in the art would have recognized as material (contrary to Defendants' assertion below). Plaintiffs object to this expert and do not believe that they should be required to spend additional resources rebutting the expert opinions of a patent attorney. Therefore, Plaintiffs request guidance from the Court concerning this expert and whether she should be permitted to give this type of expert testimony.

Defendants initially note an objection to Plaintiffs using this correspondence as a vehicle to present the argument to the Court. In response to Plaintiffs' argument, Defendants note that Ms. Sweeney: (1) has an undergraduate degree in Botany and is also uniquely qualified to provide testimony useful to the fact-finder by virtue of her extensive experience in dealing with patents concerning the patenting of plants and hybrid seed (including especially hybrid corn seed); (2) is not being presented to provide a mere primer on patent office procedure and practice; and (3) will, instead, provide testimony -- related to both inequitable conduct and validity issues -- that is focused upon: (i) the materiality that would have been recognized as to a limited number of devastating documents that Plaintiffs possessed but did not provide to the Patent Office, and (ii) testimony regarding key particular events in the file histories of the patents-in-suit, including critical issues of timing that are highly relevant to validity and inequitable conduct issues regarding the two patents-in-suit.

Respectfully submitted,

John W. Shaw

JWS/prt

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Gregory M. Sleet
March 3, 2006
Page 4

cc: Clerk of the Court (by e-filing)
    Thomas L. Halkowski, Esquire (by e-filing/hand delivery)
    Gregory Madera, Esquire (by e-mail)
    Richard L. DeLucia, Esquire (by e-mail)
    Paul M. Richter, Esquire (by e-mail)