IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------x
                                                           :
National Starch and Chemical Investment                    :
Holding Corporation,                                       :
Penford Australia Ltd. and                                 :
Penford Holdings Pty,                                      :
                                                           :
                                                           :
                        Plaintiffs,                        :
                                                           :
                v.                                         :    C.A. No. 04-1443-GMS
                                                           :
Cargill Corporation and                                    :    JURY TRIAL DEMANDED
MGP Ingredients, Inc.                                      :
                        Defendants.                        :
                                                           :
-----------------------------------------------------------x
```

**PLAINTIFFS' REPLY TO CARGILL'S ANSWER AND COUNTERCLAIMS**

Plaintiffs, National Starch and Chemical Investment Holding Corporation ("National Starch"), Penford Australia Ltd. ("Penford Australia"), and Penford Holdings Pty. ("Penford Holdings" and collectively, with Penford Australia, referred to herein as "Penford"), demand a trial by jury on all issues so triable, and hereby submit their joint reply to the corresponding numbered paragraphs in the First Amended Answer and Counterclaims of defendant, Cargill Corporation ("Cargill"). National Starch and Penford (together "plaintiffs") reply upon knowledge as to their own acts and upon information and belief as to the acts of others, as follows:

## REPLY TO COUNTERCLAIMS

31. Plaintiffs lack sufficient knowledge to admit or deny this allegation, which appears to be a legal conclusion based on Cargill's speculation concerning potential future developments in this case, and therefore deny same.

32. Plaintiffs admit that Cargill seeks such a declaratory judgment and makes allegations of patent invalidity, non-infringement, and unenforceability in its First Amended Answer and Counterclaims, but denies that Cargill is entitled to same.

33. Admitted.

34. Plaintiffs admit that Cargill's counterclaims arise under the stated Act as pled, but deny that there is any basis for the relief requested in that pleading.

35. Plaintiffs admit that venue is proper in this District because of the Complaint they brought for patent infringement against Cargill and MGP Ingredients, Inc. ("MGP"), but lack sufficient knowledge to admit or deny the "other reasons" recited in this paragraph, and therefore deny same.

36. National Starch admits the allegation of this paragraph in its entirety, and each of the Penford plaintiffs admits that this Court has personal jurisdiction over it based on their filing of the Complaint against Cargill and MGP.

37. Admitted.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted.

44. Plaintiffs admit that the '454 and '840 patent were at one time assigned to Goodman Fielder Limited. Plaintiffs also admit that the '454 and '840 patents were later assigned to Penford Holding Pty Limited and then Penford Australia Ltd.

-3-

45. Denied.

46. Plaintiffs admit that during the course of this litigation the Penford parties produced documents entitled "Laboratory Studies" and that these documents indicate, on their face, that they were prepared by employees of Fielder Gillespie Davis Limited, Goodman Fielder Mills Limited, and/or Starch Australasia Limited. To the extent this paragraph contains additional allegations, denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

**Reply to First Counterclaim (Invalidity)**

54. In reply to this paragraph, Plaintiffs adopt by reference and incorporate herein by reference each of their above replies to paragraphs 22-53 of Cargill's First Amended Answer and Counterclaims.

55. Denied.

### Reply to Second Counterclaim (Non-Infringement)

56. In reply to this paragraph, Plaintiffs adopt by reference and incorporate herein by reference each of their above replies to paragraphs 22-55 of Cargill's First Amended Answer and Counterclaims.

57. Denied.

### Reply to Third Counterclaim (Unenforceability)

58. In reply to this paragraph, Plaintiffs adopt by reference and incorporate herein by reference each of their above replies to paragraphs 22-57 of Cargill's First Amended Answer and Counterclaims.

59. Denied.

### Reply to Fourth Counterclaim (Lanham Act Unfair Competition)

60. In reply to this paragraph, Plaintiffs adopt by reference and incorporate herein by reference each of their above replies to paragraphs 22-59 of Cargill's First Amended Answer and Counterclaims.

61. Denied.

62. Plaintiffs admit that the Complaint in this action alleges that Cargill has infringed the '454 and '850 patents. With respect to the other allegations of this paragraph, denied.

63. Denied.

### Reply to Fifth Counterclaim (Delaware Unfair Competition)

64. In reply to this paragraph, Plaintiffs adopt by reference and incorporate herein by reference each of their above replies to paragraphs 22-63 of Cargill's First Amended Answer and Counterclaims.

65. Denied.

## PLAINTIFFS' AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

66. Cargill's Fourth Counterclaim fails to state a claim on which relief can be granted.

67. Cargill's Fifth Counterclaim fails to state a claim on which relief can be granted.

68. Cargill is barred from seeking the relief requested in its Counterclaims, in whole or in part, by virtue of Cargill's own unclean hands.

WHEREFORE, Plaintiffs National Starch and Penford pray for Judgment that:

A. Each of Cargill's counterclaims and defenses is dismissed, with prejudice, and Cargill is denied all of the monetary and other relief sought in its Answer and Counterclaims;

B. Cargill and MGP have been and are, separately and collectively, directly infringing one or more claims of United States Patent Nos. 5,977,454 and 6,409,840, literally and/or by equivalents;

C. MGP has been and is inducing Cargill's direct infringement of one or more claims of United States Patent Nos. 5,977,454 and 6,409,840 literally and/or by equivalents;

D. The foregoing infringement of United States Patent Nos. 5,977,454 and 6,409,840 by each of Cargill and MGP is willful;

E. Each of the United States Patent Nos. 5,977,454 and 6,409,840 is valid and enforceable;

  F. Cargill and MGP, and each of their respective officers, agents, servants and employees, and those persons in active concert or participation with any of them, be permanently enjoined from further infringement of United States Patent Nos. 5,977,454 and 6,409,840;

  G. Plaintiffs are awarded monetary damages sufficient to compensate them for the infringement of United States Patent Nos. 5,977,454 and 6,409,840, and that such damages be trebled pursuant to 35 U.S.C. § 284 and awarded with interest;

  H. Plaintiffs are awarded their attorneys' fees, costs and expenses in this action; and

  I. Plaintiffs are awarded such further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs National Starch and Penford demand trial by jury on each of Cargill's counterclaims triable to a jury.

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

Dated: March 24, 2006        By: _____
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West St.
Wilmington, Delaware 19801
(302) 571-6672

*Attorneys for Plaintiffs*
*National Starch and Penford*

*Of Counsel:*
Richard L. DeLucia
Paul M. Richter, Jr.
Jerry Canada
KENYON & KENYON LLP
One Broadway
New York, New York 10004-1050
(212) 425-7200

## CERTIFICATE OF SERVICE

I, Monté T. Squire, Esquire, hereby certify that on March 24, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>   Thomas L. Halkowski, Esq.
>   Fish & Richardson, P.C.
>   919 N. Market Street, Suite 1100
>   Wilmington, Delaware 19801

I further certify that on March 24, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following nonregistered participants in the manner indicated:

### BY ELECTRONIC MAIL AND FEDERAL EXPRESS

>   Michael Florey, Esq.
>   Fish & Richardson P.C., P.A.
>   3300 Dain Rauscher Plaza
>   60 South Street
>   Minneapolis, MN 55402

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Monté T. Squire

Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
msquire@ycst.com
*Attorneys for Plaintiffs*