# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BRUCE M. STARGATT
BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK

NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801
P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302.571.6713
DIRECT FAX: 302.576.3515
msquire@ycst.com

ATHANASIOS E. AGELAKOPOULOS
LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL

KAREN E. LANTZ
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
JULIE C. PANARO
ADAM W. POFF
SETH J. REIDENBERG
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER (SC ONLY)
JOHN E. TRACEY
MARGARET B. WHITEMAN
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
ELENA C. NORMAN
KAREN L. PASCALE
PATRICIA A. WIDDOSS

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

April 11, 2006

**BY HAND DELIVERY / E-FILE**

The Honorable Gregory M. Sleet
United States District Court
844 N. King Street
Wilmington, Delaware 19801

**Redacted Version -
Publicly Filed**

   Re: *National Starch and Chemical Investment Holding Corp. et al. v. Cargill Corp. et al.*, Civ. Act. No. 04-1443 GMS

Dear Judge Sleet:

   Pursuant to the Court's Amended Briefing Scheduling Order of April 3, 2006, Plaintiffs National Starch and Chemical and Penford respond to the request of Defendants Cargill, Inc. and MGP Ingredients to file summary judgment motions on certain issues. As set forth below, and in Plaintiffs' opening letter (requesting summary judgment that the patent-in-suit is valid), Defendants will be unable to establish as a matter of law that the patent-in-suit is invalid under any provision of 35 U.S.C. § 112. As such, Plaintiffs request that the Court deny Defendants' request to file a summary judgment motion regarding invalidity of the patent-in-suit.

   Defendants, in cryptic fashion, appear to first argue that the '454 patent is invalid for lack of written description and/or enablement under the requirement of Section 112, paragraph 1. However, the facts regarding both written description and enablement support a finding that the patent-in-suit is valid. Further, as set forth herein and in Plaintiffs' opening letter, REDACTED

REDACTED Thus, defendants' proposed motion is futile and should not be permitted.

   Finally, Defendants argue, albeit briefly, that they should be allowed to file summary judgment concerning willfulness and lost profits damages. Each of these requests should be denied summarily because there are factual issues in dispute, as set forth below.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Gregory M. Sleet
April 11, 2006
Page 2

### I. Defendants' Request for Summary Judgment Regarding Invalidity

#### A. The alleged "errors" claimed by Defendants are red herrings

Defendants recite four alleged "errors" within the '454 patent that supposedly render the '454 patent invalid under section 112. However, as set forth below, Defendants grossly exaggerate the extent of the alleged "errors" and in fact, these are not errors at all. Also, a fatal flaw in Defendants' analysis is their failure to discuss how a person of ordinary skill in the art would consider any of these alleged "errors" REDACTED

REDACTED

This is simply incorrect.   REDACTED

REDACTED

Therefore, it would have been misleading to include a correction factor within the calculations of the patent, because that number would change.

REDACTED     REDACTED

Defendants next argue that the defatting procedure set forth in the patent is incorrect,

REDACTED

However, as set forth in Plaintiffs' opening letter, this is trivial in nature and does not render the patent invalid.

REDACTED

Defendants do not even recite what experimentation is necessary, if any, in order to practice the invention.

Finally, Defendants make the allegation that the failure to include a specific time period for cooling the solution prior to testing renders the '454 patent invalid. However, whether or not a time period for cooling is included within the patent is irrelevant. Any person skilled in the art of amylose analytical testing would understand that a consistent cooling period is necessary before testing the solution for amylose content. The patent does not need to describe such a trivial step in a routine analytical test.

---

[1] Further, Defendants do not provide any specific legal analysis concerning their section 112 contentions, because clearly, there are different legal requirements regarding written description and indefiniteness.

REDACTED

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Gregory M. Sleet
April 11, 2006
Page 3

      **B.    There is no factual dispute that the blue value test is reproducible**

REDACTED

REDACTED

REDACTED

. As set forth below, there is no factual dispute that the test is both reproducible and it does not inflate apparent amylose results.

REDACTED

REDACTED

REDACTED

---

[2]    Defendants exclusively rely upon information outside of the '454 patent to indicate that the testing method that is set forth gives improper results. However, it is unclear how this is relevant to issues of whether the '454 patent meets the requirements of section 112.

[3]    Defendants do not cite to their own expert testimony and internal documents in their opening letter.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Gregory M. Sleet
April 11, 2006
Page 4


REDACTED


Defendants also rely on testing performed by National Starch during European Opposition proceedings. However, Defendants' reliance on this testing is also unavailing.


REDACTED


and   REDACTED   Further, that the state of the art may have progressed,

There is no dispute that when the test in the '454 patent is performed by persons skilled in the art, the test is reproducible and accurate.

C.   **The patent-in-suit is enabled**

Defendants also appear to argue the '454 patent is not enabled. Yet, Defendants do not contend that the hybrid seed invention of the '454 patent (or the starch invention of the '840 patent) was not in the possession of the inventors. In fact, the inventors deposited their hybrid seed invention with the ATCC, which establishes a per se enablement. There is no question that the inventors were the first to create a hybrid seed with high levels of amylose content.   REDACTED   . Therefore, Defendants cannot refute this per se enablement. Finally, the '454 patent contains working examples of hybrids that were created and tested and Defendants do not contend that any of these examples are not working examples.

Therefore, as set forth in Plaintiffs' opening letter, the test is reproducible and does not provide inflated results when performed by people skilled in the art

---
4



YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Gregory M. Sleet
April 11, 2006
Page 5

> D. **Defendants' willfulness motion is factually disputed**

REDACTED                                  This is simply untrue and disputed.

REDACTED

> E. **Defendants' lost profits damages motion is factually disputed**

REDACTED

This is a factual dispute and no discovery has been provided by Cargill to support this contention.

REDACTED
. Finally, Plaintiffs have asked for discovery concerning the alleged sales of Defendants' products, and expert depositions have not yet occurred.

> **Conclusion**

At the very least, there are issues of material fact regarding Defendants' request, and Plaintiffs ask this Court to deny Defendants' request to file summary judgment on these issues.

Respectfully submitted,

/s/ Monté T. Squire

Monté T. Squire (No. 4764)

cc: Clerk of the Court (by e-filing / hand delivery)
Thomas L. Halkowski, Esq. (by e-filing / hand delivery)
Michael Florey, Esq. (by e-mail)
Richard L. Delucia, Esq. (by e-mail)
Paul M. Richter, Esq. (by e-mail)
John W. Shaw

## CERTIFICATE OF SERVICE

I, Monté T. Squire, Esquire, hereby certify that on April 17, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Thomas L. Halkowski, Esq.
>Fish & Richardson, P.C.
>919 N. Market Street, Suite 1100
>Wilmington, Delaware 19801

I further certify that on April 17, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL AND FEDEX**

>Michael Florey, Esq.
>Fish & Richardson P.C., P.A.
>3300 Dain Rauscher Plaza
>60 South Street
>Minneapolis, MN 55402

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>_____
>Monté T. Squire (No. 4764)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE 19801
>(302) 571-6600
>msquire@ycst.com
>
>*Attorneys for Plaintiffs*