IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATIONAL STARCH AND CHEMICAL INVESTMENT HOLDING CORP., PENFORD AUSTRALIA LTD., AND PENFORD HOLDINGS PTY, )<br><br>Plaintiffs, )<br><br>v. )<br><br>CARGILL, INC., AND MGP INGREDIENTS, INC., )<br><br>Defendants. ) | C.A. No. 04-1443 (GMS) |

## ORDER

In the above-captioned action for patent infringement, two of the plaintiffs' patents were originally at issue: U.S. Patent No. 5,977,454 (filed Mar. 12, 1997) ("the '454 patent"), and U.S. Patent No. 6,409,840 (filed Nov. 12, 1997) ("the '840 patent"). However, the plaintiffs recently withdrew the '840 patent from the case, leaving only the '454 patent at issue. Presently before the court are the parties' requests to file motions for summary judgment on various issues. The court will briefly address each request below.

### I.   THE PLAINTIFFS' REQUESTS

**A.   Anticipation**

The parties disagree as to whether there exist any genuine issues of material fact regarding anticipation of the '454 patent. To prove their respective points, both sides submitted lengthy and highly-technical scientific articles for the court to digest. The plaintiffs proffer that the analysis of their expert "quickly demonstrates that there is no anticipation." The defendants, on the other hand, contend that the testimony of one of the named inventors establishes that the prior art "clearly satisfies all of the limitations of the asserted claims of the '454 patent." Suffice it to say, the

existence of these opposing assertions about what the evidence does or does not show "quickly demonstrates" the need for a trial.

### B. Obviousness

Although the plaintiffs are correct in pointing out that the defendants' answering letter glosses over obviousness, the court believes it is premature to render a decision on that issue in light of the fact that anticipation is proceeding to trial.

### C. Enablement and Written Description

Issues such as enablement and written description are particularly ill-suited for summary disposition before the court has had an opportunity to hear expert testimony.

### D. Unfair Competition

The defendants assert that discovery is not yet complete on the unfair competition issues, and the plaintiffs appear to agree with that assertion. As such, summary judgment is not prudent at this juncture.

## II. THE DEFENDANTS' REQUESTS

### A. Invalidity

The defendants contend that the '454 patent is invalid because the specification (1) contains an error in the mathematical formula it discusses, (2) discloses test results that are not reproducible, and (3) contains inflated results. As with enablement and written description, these issues are ill-suited for summary disposition at this stage of the litigation.

### B. Willfulness

The defendants argue that the plaintiffs have no willfulness case. However, the plaintiffs point to several factual disputes. In response, the defendants rather-summarily characterize both the

plaintiffs' willfulness theory, as well as the court's claim construction decision as "ridiculous." Simply put, a jury will decide whether the plaintiffs' willfulness theory is ridiculous, and the Federal Circuit will decide whether the court's claim construction is ridiculous.

### C. Lost Profits

The defendants argue that plaintiff National Starch lacks standing to seek lost profits because Cargill's sales of Amylogel 03003 are outside the scope of National Starch's license to the '454 patent. The plaintiffs disagree based the record evidence adduced thus far. Moreover, the plaintiffs assert, and the defendants do not deny, that discovery is still in progress on this issue. Therefore, a motion for summary judgment would be premature.

## III. SUBJECT MATTER JURISDICTION

As previously mentioned, the '840 patent is no longer at issue. Nevertheless, the defendants seek to maintain their invalidity counterclaim against that patent. The court queries whether it has subject matter jurisdiction to entertain such a counterclaim now that the '840 patent has been withdrawn. *See Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995).

IT IS HEREBY ORDERED THAT:

1. All requests to file motions for summary judgment be DENIED; and
2. The teleconference scheduled for 10:00 a.m. on Friday, April 21, 2006 be REMOVED from the court's calendar.

Dated: April 20, 2006                    /s/ Gregory M. Sleet
                                                             UNITED STATES DISTRICT JUDGE